**Betsy M. McRAE, Appellant,**

v.

**LIBRARIAN OF CONGRESS, et al.**

No. 87–5336.

United States Court of Appeals, District of Columbia Circuit.

April 15, 1988.

---

Peter S. Leyton and Stanley A. Freeman, Washington, D.C., for appellant.

Joseph E. diGenova, U.S. Atty., with whom Michael J. Ryan, John C. Martin, John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., for appellees.

Before ROBINSON, SILBERMAN and WILLIAMS, Circuit Judges.

ON MOTION FOR SUMMARY AFFIRMANCE

Opinion PER CURIAM.

PER CURIAM:

Betsy McRae has appealed from an order of the district court granting summary judgment in favor of the Librarian of Congress ("LOC") in this Title VII discrimination action. The district court ruled that appellant had not exhausted her administrative remedies. Because we find that appellant pursued her administrative remedies in good faith, we reverse the district court and remand for further proceedings consistent with this opinion.

Appellant McRae has been employed by the Library of Congress since 1957. She served as a supervisory personnel assistant for several years. In October of 1981, McRae filed a formal complaint against two of her supervisors, alleging that they discriminated against her on the basis of sex and race. Thereafter, in 1982, appellant was transferred to a nonsupervisory position for reasons she believed to be retaliatory.

Approximately four years after her complaint was filed with the agency, following an extensive investigation by an Equal Em-

ployment Opportunity ("EEO") Investigator, the LOC EEO Chief found nothing to support McRae's claim of discrimination and denied her any further support from the LOC EEO office. The Chief informed appellant of her appeal rights in accordance with LOC regulations: (1) reconsideration by the LOC EEO Chief; (2) a hearing by a Complaints Examiner, with the final agency decision by the Librarian; or (3) a final agency decision by the Librarian without a hearing.[1] LRC 2010–3.1 § 9. Although appellant could have refused all of these options and instead sought immediate judicial relief because one hundred eighty days had elapsed since the filing of her formal complaint, *see* 42 U.S.C. § 2000e–16(c), she chose to pursue a hearing before a Complaints Examiner.

Before any evidence was taken at the hearing, however, the Complaints Examiner made a preliminary ruling with regard to sequestration of witnesses. McRae had sought sequestration to ensure that her witnesses would not be inhibited by the presence of the supervisors who allegedly discriminated against her. These supervisors also supervised the employees that McRae had called as witnesses. The Complaints Examiner rejected McRae's arguments, and ruled that one supervisor could be present during the hearing. Due to the adverse procedural ruling, McRae decided that she would not go forward with the hearing.

The Complaints Examiner subsequently dismissed McRae's complaint with prejudice and expressly denied the allegations contained therein. The LOC then issued a final agency decision, concurring with the procedural ruling made by the Complaints Examiner and also concurring with his finding and recommendation. The LOC then dismissed the appeal, and notified McRae that she had the right to file a civil action within thirty days of the decision.

McRae filed this civil action. Despite the "right to sue" letter issued by the LOC, the district court determined that McRae had not exhausted her administrative remedies because she did not follow through with the optional hearing.

 Before a complainant files suit in federal district court on a discrimination claim pursuant to the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16(a), (c) (1982), section 717(c) demands that she first file her initial charge with the employing agency. *See Loe v. Heckler*, 768 F.2d 409, 417 (D.C.Cir.1985); *President v. Vance*, 627 F.2d 353, 360 (D.C. Cir.1980). Upon exhaustion of the administrative proceedings, a complainant is entitled to a trial de novo on her claims. *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976); *Vance*, 627 F.2d at 360.

 As we have stated previously, by requiring exhaustion before the agency in the first instance, Congress did not intend to "erect a massive procedural roadblock to access to the courts." *Vance*, 627 F.2d at 362. Rather, the exhaustion requirement is intended to give the agency the opportunity to right any wrong it may have committed. *Id.*

 In this case, appellant cooperated with an agency investigation of her complaint for almost two years. The agency had before it a record complete enough to issue an initial denial of her complaint. At that point McRae was given three options for appeal, completion of any one of which would have given her the right to file suit for de novo review in district court. Had McRae chosen to proceed without a hearing, no more would have been required of her. On completion of a full hearing, she would have been entitled to trial de novo in court. As the least favorable action imaginable would not have prejudiced her suit in any way, we see no reason why her good faith refusal to pursue the hearing should now bar her claim.

Accordingly, this case does not fall within the ambit of those cases precluding suit in the district court by virtue of a final agency decision ensuing upon a claimant's own default. *Cf. Jordan v. United States,*

---

1. Had McRae chosen reconsideration, she would have been entitled to steps (2) and (3) following reconsideration, if the Chief did not change his initial decision.

522 F.2d 1128, 1133 (8th Cir.1975) (plaintiff's refusal to cooperate with investigation prevented the operation of administrative procedure); *Beale v. Blount*, 461 F.2d 1133, 1140 (5th Cir.1972) (cannot withhold information from agency in order to raise it in federal court for first time); *Mackay v. United States Postal Service*, 607 F.Supp. 271, 276 (E.D.Pa.1985) (exhaustion requires that administrative procedures be pursued to conclusion).

Accordingly, the order dismissing appellant's complaint is reversed and the case is remanded to the district court for further proceedings consistent with this opinion. It is

*So ordered.*