12 F.3d 870
 63 Fair Empl.Prac.Cas. (BNA) 702,
63 Empl. Prac. Dec. P 42,722
Bette M. CHARLES; Ruby Asque; William Burns, On behalf of
Themselves and others similarly situated,
Plaintiffs-Appellants,
v.
H. Lawrence GARRETT, III, Secretary of the Navy, Defendant-Appellee.
 No. 92-15743.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 5, 1993.
Decided Dec. 20, 1993.
 
 Julius L. Chambers and Charles Stephen Ralston, NAACP Legal Defense & Educational Fund, Inc., New York City, for plaintiffs-appellants.
 Stephen L. Schirle and Beth McGarry, Asst. U.S. Attys., San Francisco, CA, for defendant-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before: TANG, TROTT and FERNANDEZ, Circuit Judges.
 TROTT, Circuit Judge:
 
 
 1
 The plaintiffs filed a class complaint with the Department of Navy alleging racial discrimination. For more than ten years, their case vacillated between the Navy and the Equal Employment Opportunity Commission ("EEOC"), until the Navy cancelled the class complaint for failure to prosecute. The plaintiffs filed in district court pursuant to 42 U.S.C. Sec. 2000e-16(c) (1988). The district court granted the defendant's motion to dismiss for failure to exhaust administrative remedies. Plaintiffs appeal, arguing that because they cooperated in the administrative process for more than 180 days, they were entitled to file in district court, even if they failed to cooperate in the administrative process after the 180 days elapsed. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and reverse.
 
 
 2
 * On January 30, 1979, the plaintiffs filed a class complaint with the Department of Navy pursuant to Section 717 of Title VII of the Civil Rights Act. 42 U.S.C. Sec. 2000e-16 (1988). They alleged that the Navy Supply Center Oakland discriminated against African Americans in "promotions, classification decisions, training opportunities, and other terms and conditions of employment." The class complaint was forwarded to an EEOC Examiner to decide whether the action should be accepted as a class complaint. On February 14, 1980, the EEOC Examiner accepted the class complaint and defined the class. Notice was sent to prospective members of the class, so they could opt-out if they so desired.
 
 
 3
 From June 19, 1980 until August 17, 1984, discovery proceeded. The EEOC Examiner held hearings from September 5, 1984 until February 5, 1985, after which the Examiner issued an opinion finding no discrimination against African Americans as a class or individually. The Navy accepted this finding on October 17, 1985.
 
 
 4
 Plaintiffs then filed their first appeal to the EEOC Office of Review and Appeals ("ORA") in November of 1985. The ORA issued a decision on December 22, 1987. The ORA stated that the class had been improperly certified, but if the class had been properly certified, there would not have been enough class members to satisfy the numerosity requirement. See 29 C.F.R. Sec. 1613.601(b) (1993). In response, plaintiffs filed a request to have the full commission of the EEOC reopen the case. See 29 C.F.R. Sec. 1613.632 (1993). This request was granted, and on November 29, 1988, the full commission issued its final decision regarding class certification. It concluded that the class met the numerosity requirement and that significant evidence of race discrimination against the defined class existed. The EEOC gave the Navy 60 days to comply with this decision.
 
 
 5
 The Navy did not comply with the November 1988 decision, but the EEOC ordered it to do so. On February 10, 1989, the Navy issued its final decision, unilaterally redefining the class in the process. Two weeks later, plaintiffs filed their second appeal to the ORA on grounds that the Navy's definition violated the EEOC's November 1988 decision. On July 5, 1989, the ORA held that the Navy's redefinition of the class was improper and remanded to the Navy for further processing. On August 11, 1989, the Navy filed a request to have the full commission reopen the case. The EEOC denied the request on November 17, 1989, admonished the Navy that it found the Navy's actions "to be recalcitrant and defiant" and that the Commission would "not tolerate further such actions," and gave the Navy 60 days to comply with the EEOC's July 1989 decision.
 
 
 6
 Plaintiffs' counsel then proposed settlement, and settlement discussions ensued. The judge determined that on the eve of settlement, plaintiffs' counsel withdrew[1] because of differences concerning the adequacy of the proposed settlement. The plaintiffs believed the terms of the proposed settlement were inadequate for the class and for themselves.
 
 
 7
 On November 13, 1990, the administrative judge held an emergency status conference. The judge gave plaintiffs until April 1, 1991 to acquire new counsel. Because plaintiffs had filed a class action, it was imperative they be represented by counsel. See 29 C.F.R. Sec. 1613.601(b)(4); Fed.R.Civ.Pro. 23(a); Brodersen v. Department of the Treasury, ORA No. 08140153 (June 5, 1985). The class representatives attempted to find new counsel but were unable "to locate counsel who would, without fees, take on the Department of the Navy."
 
 
 8
 On May 13, 1991, the Navy sent a notice of proposed cancellation of complaint to one of the class representatives, Bette Charles. The Navy gave plaintiffs an additional fifteen days to find counsel before the Navy would cancel their complaint for failure to prosecute. Plaintiffs received the notice on May 17, 1991. On June 10, 1991, the Navy cancelled the complaint for failure to prosecute, because plaintiffs did not obtain counsel and were therefore unable to continue their class claim.
 
 
 9
 On July 15, 1991, plaintiffs filed in the United States District Court for the Northern District of California, pursuant to 42 U.S.C. Sec. 2000e-16(c).[2] The Navy filed a motion to dismiss or summary judgment for failure to exhaust administrative remedies. The district court granted dismissal.
 
 
 10
 The district court reasoned that plaintiffs were estopped to claim the Navy failed to comply with the 180-day rule because plaintiffs had terminated settlement negotiations on the eve of settlement, asked their attorney to withdraw from the case, and failed to find replacement counsel within six months. The court believed that "a finding that plaintiffs failed to exhaust does not offend the policy of the 180-day rule, which is to prevent victims of discrimination from having to wait indefinitely for a final agency decision." Dist.Ct.Op. at 4. Plaintiffs appeal, arguing dismissal is improper because they had cooperated in the administrative process for more than 180 days.
 
 II
 
 11
 A federal employee's exclusive remedy to challenge discriminatory employment practices in the federal government is Section 717 of Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e-16. See Brown v. General Servs. Admin., 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). "Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit." Vinieratos v. United States, 939 F.2d 762, 768 (9th Cir.1991) (citing Brown v. General Servs. Admin., 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976)). Whether a claimant has satisfied that precondition is itself a question of law reviewable de novo. Id.; see Brown, 425 U.S. at 832, 96 S.Ct. at 1967.
 
 III
 
 12
 Although a federal employee must first file a complaint in the administrative process, a plaintiff may file for de novo review by a district court. Chandler v. Roudebush, 425 U.S. 840, 861, 96 S.Ct. 1949, 1959, 48 L.Ed.2d 416 (1976). "Prior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal sector trial de novo." Id. at 863 n. 39, accord 96 S.Ct. at 1961 n. 39; Clark v. Chasen, 619 F.2d 1330, 1337 (9th Cir.1980).
 
 
 13
 Section 717(c) of Title VII provides two avenues to file in district court. The claimant may file 30 days after receiving notice of final agency action by the employing agency or by the EEOC on appeal; or the claimant may file if 180 days have elapsed since the claimant filed "an initial charge with the department, agency, or unit or with the equal employment opportunity commission on appeal from a decision or order of such department, agency or unit" and no final action has been taken. 42 U.S.C. Sec. 2000e-16(c); see also Brown v. General Servs. Admin., 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976); Clark, 619 F.2d at 1332. Plaintiffs relied on the 180-day provision to file in district court.
 
 
 14
 * We must first decide how the 180 days are to be measured. Plaintiffs argue they are entitled to file in district court because 180 days elapsed since they filed their initial complaint with the Navy in February of 1979. They suggest that even if a party files an administrative appeal, the 180-day period should always be measured from the date the initial complaint was filed with the "department, agency, or unit." Section 717(c), however, states that the 180-day period is measured "from the filing of the initial charge with the department, agency, or unit or with the equal employment opportunity commission on appeal." 42 U.S.C. Sec. 2000e-16(c) (emphasis added); see also 29 C.F.R. Sec. 1613.281 (1993).
 
 
 15
 If we were to adopt plaintiffs' argument, we would have to ignore the phrase: "or with the equal employment opportunity commission on appeal from a decision or order of such department, agency or unit." Because Congress did not intend the language regarding appeal to the EEOC to be extraneous, we must give it meaning. Thus, if a complainant has appealed to the EEOC, a court must measure a new 180-day period from the date the appeal was filed.
 
 
 16
 The Navy argues that if the parties repeatedly appeal, a new 180-day period should begin with each new appeal. This argument has little merit. If the 180 days were to start with each new appeal, a federal employer could indefinitely delay a complainant's access to federal court by continuously filing appeals. Such interpretation would contravene congressional intent, because the purpose of the 180-day provision was to ensure that administrative complaints would be resolved rapidly. See H.Rep. No. 238, 92d Cong., 1st Sess. 22-26 (1971), reprinted in 1972 U.S.C.C.A.N. 2137, 2148; see also McRae v. Librarian of Cong., 843 F.2d 1494, 1496 (D.C.Cir.1988); Clark, 619 F.2d at 1334; Grubbs v. Butz, 514 F.2d 1323, 1328 (D.C.Cir.1975).
 
 
 17
 The only reasonable interpretation of this provision is to permit a complainant to file in district court once 180 days have elapsed from the date of filing the initial charge, or if either party appeals, 180 days from the date the first administrative appeal is filed.
 
 B
 
 18
 The Navy argues that the plaintiffs are precluded from filing in district court because they failed to cooperate in the administrative process after the 180-day period elapsed. Generally, complainants must exhaust administrative remedies before filing in district court. See, e.g., Vinieratos v. United States, 939 F.2d 762, 770 (9th Cir.1991) ("[A]bandonment of the administrative process may suffice to terminate an administrative proceeding before a final disposition is reached, thus preventing exhaustion and precluding judicial review."); Rivera v. Postal Serv., 830 F.2d 1037, 1039 (9th Cir.1987) (federal employee who "cancels" administrative appeal before filing suit in district court, abandons claim), cert. denied, 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988); Johnson v. Bergland, 614 F.2d 415, 417 (5th Cir.1980) (plaintiff failed to exhaust administrative remedies because plaintiff "failed to comply with the valid administrative requirement that [plaintiff make] generalized complaints more specific"); Ettinger v. Johnson, 518 F.2d 648, 652 (3d Cir.1975) (federal employees must, generally, exhaust administrative remedies before suing in district court); Jordan v. United States, 522 F.2d 1128, 1131-32 (8th Cir.1975) (refusal to disclose facts serving as basis of complaint was failure to exhaust administrative remedies).
 
 
 19
 Further, exhaustion of administrative remedies requires a complainant to cooperate during the 180-day period. See Clark, 619 F.2d at 1337 n. 18. This circuit has also stated that a complainant who fully cooperates "in the administrative proceedings ... for a period far in excess of the requisite 180 days" is entitled to file in district court, regardless of the complainant's failure to cooperate after 180 days. Id. at 1337. Other circuits have reached similar conclusions. See, e.g., Munoz v. Aldridge, 894 F.2d 1489, 1493 (5th Cir.1990); McRae, 843 F.2d at 1496. Thus, if the plaintiffs cooperated in the administrative process for 180 days after they filed their first appeal with the EEOC, they may file in district court.[3]
 
 
 20
 Plaintiffs first appealed to the EEOC in November of 1985, after the Navy accepted the EEOC Examiner's definition of a class. Thus, so long as plaintiffs cooperated in the administrative process through May of 1986, plaintiffs were entitled to file for de novo review in the district court. Nothing in the record suggests that plaintiffs failed to cooperate prior to May 1986. In fact, the record suggests the plaintiffs cooperated in the administrative process for approximately twelve years. We need not determine whether plaintiffs' inability to find counsel by April 1991 constituted a failure to cooperate. The district court should not have dismissed plaintiffs' claim for failure to exhaust administrative remedies.
 
 IV
 
 21
 We reverse and remand to the district court for further proceedings in accordance with this opinion.
 
 
 
 [1]
 It is unclear whether counsel asked to withdraw or whether plaintiffs asked counsel to withdraw. The district court opinion states that plaintiffs asked their counsel to withdraw. However, Bette Charles' declaration states that "[c]ounsel asked to withdraw," and Esther Thomas' declaration is unclear
 
 
 [2]
 The statute states:
 Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.
 42 U.S.C. Sec. 2000e-16(c) (1988). This section was amended on November 21, 1991. See Civil Rights Act of 1991, Pub.L. No. 102-166, Sec. 114, 105 Stat. 1071, 1079. The amendment extends the time a complainant has to file in district court from 30 days to 90 days within receipt of notice of final action by a department, agency or unit.
 Appellants filed their complaint in the district court within 30 days of receiving the Navy's notice of cancellation. They received notice on June 13, 1991 and timely filed their complaint on July 15, 1991 (July 13 fell on a Saturday). However, appellants could not rely on the 30-day provision because cancellation of a class complaint is not a final decision. An agency's decision is final "only when the agency makes a determination on all of the issues in the complaint, including whether or not to award attorney's fees or costs." 29 C.F.R. Sec. 1613.281 (1993).
 
 
 [3]
 The Fifth Circuit has suggested that the government carries the burden of showing that plaintiffs failed to cooperate. See Munoz, 894 F.2d at 1494 ("Because the government has demonstrated no failure to cooperate on the part of the plaintiffs ... we conclude that there has been no failure to exhaust administrative remedies."). Applying this standard, the Navy would have to show that plaintiffs did not act in good faith, and thus failed to exhaust administrative remedies