46 F.3d 1144
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William RUPERT, Plaintiff-Appellant,
v.
DEPARTMENT OF the NAVY, U.S. Naval Hospital Long Beach, et
al., Defendants-Appellees.
 No. 94-55458.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Dec. 19, 1994.*
Decided: Jan. 6, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Rupert appeals pro se the district court's dismissal for failure to exhaust administrative remedies of Rupert's action under the Rehabilitation Act of 1973, 29 U.S.C. Secs. 701-794. We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse and remand.
 
 
 3
 "[A] federal employee who alleges employment discrimination on the basis of a handicap must exhaust the administrative remedies available under Title VII." Vinieratos v. U.S. Dept. of Air Force, 939 F.2d 762, 773 (9th Cir. 1991)). "Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit." Charles v. Garrett, 12 F.3d 870, 873 (9th Cir. 1993) (quoting Vinieratos, 939 F.2d at 767-68). Congress did not intend, however, to impose additional conditions beyond those set forth in Title VII. Clark v. Chasen, 619 F.2d 1330, 1333-34 (9th Cir. 1980). Whether a claimant has satisfied the preconditions is a question of law which is reviewed de novo. Charles, 12 F.3d at 873.
 
 
 4
 Section 717(c) of Title VII provides two avenues for a federal employee to file an action in district court. Charles, 12 F.3d at 873. The claimant may file suit thirty days after receiving notice of final agency action by the employing agency or by the EEOC on appeal; or the claimant may file if 180 days have elapsed from the date of filing the initial charge, or if either party appeals, 180 days from the date the first administrative appeal is filed. 42 U.S.C. Sec. 2000e-16(c)[1]; Charles, 12 F.3d at 873-74.
 
 
 5
 Here, Rupert filed an equal employment opportunity complaint on July 12, 1985. The Navy dismissed his complaint as untimely on August 20, 1985. Rupert appealed and the Equal Employment Opportunity Commission ("EEOC") affirmed the Navy's decision on August 2, 1986. Rupert filed a request to reopen on September 24, 1986. The EEOC granted Rupert's request to reopen and reversed its previous decision on April 6, 1987. Rupert filed this action in district court on June 2, 1987.
 
 
 6
 Although the record does not indicate when Rupert filed his appeal to the EEOC, Rupert must have filed his appeal prior to the EEOC's August 2, 1986 decision. Thus, Rupert satisfied the statutory preconditions to filing suit in district court because there was no final action on his complaint and he was in the administrative process for over 180 days from the filing of his initial appeal. Charles, 12 F.3d at 874. Accordingly, the district court erred by dismissing his complaint for failure to exhaust administrative remedies. See id.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The statute provides in pertinent part:
 Within thirty days of receipt of notice of final action taken by a department, agency, or unit ... or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit ... or after one hundred and eighty days from the filing of the initial charge with the department, agency or unit or with the Equal Employment Opportunity Commission on appeal ... until such time as final action may be taken by a department, agency or unit, an employee ... if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title ....
 42 U.S.C. Sec. 2000e-16(c) (1988).