**Jerry M. ERICKSON, Plaintiff,**

v.

**Togo D. WEST, Jr., Secretary of the Army, Department of the Army, Defendant.**

**Civ. No. 94–00591 DAE.**

United States District Court, D. Hawaii.

Feb. 15, 1995.

Dale L. Bennett, Law Office of Dale L. Bennett, Honolulu, HI, for plaintiff.

R. Michael Burke, Asst. U.S. Atty., Honolulu, HI, for defendant.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

DAVID ALAN EZRA, District Judge.

Pursuant to Local Rule 220–2(d), the court finds this matter suitable for disposition without oral argument. Plaintiff represents himself in this matter. After reviewing the motion and the supporting and opposing memoranda, the court GRANTS in part and DENIES in part Defendant's Motion to Dismiss.

### BACKGROUND

In 1989 the Plaintiff began working as the installation safety manager, GS–12, at Fort Shafter, Hawaii. Plaintiff worked for Edward Lee, the Major Army Command Safety Director. Lee was born in Hawaii and identifies his race as Chinese. Plaintiff is a white male and was 52 at the time of the conduct at issue. In November 1990 the Plaintiff filed

his first administrative EEO complaint based upon race and age discrimination.

On June 12, 1991, the Plaintiff filed his first formal complaint ("First Complaint"). He alleged that management forced him to take a downgrade to GS–11, excluded him from staff meetings, and refused to provide him with secretarial assistance for meeting for which he was responsible. He followed this complaint with further complaints filed August 23, 1991 ("Second Complaint"), October 1991 ("Third Complaint"), and December 3, 1991 ("Fourth Complaint"). The Second, Third and Fourth complaints alleged a continuing pattern of race, age and reprisal discrimination based on management's alleged soliciting and fabricating of complaints against him. The Third Complaint addressed Plaintiff's "fully successful" performance appraisal, which is commonly recognized as a poor rating. The Fourth Complaint alleged discrimination based upon the issuance of new performance standards, which Plaintiff alleges applied GS–13 standards to his then GS–11 position, and upon the issuance of a formal reprimand for his failure to get approval to meet with an EEO officer.

On December 20, 1991, an Army Civilian Appellate Review Agency ("USACARA") conducted a conference concerning the four complaints. On October 29, 1992, USACARA recommended findings of no discrimination on the First, Second and Third complaints. USACARA recommended a finding of reprisal discrimination on the Fourth Complaint, based on the issuance of a letter of reprimand. The Plaintiff requested an EEOC hearing before an administrative judge ("AJ").

On November 22, 1993, the AJ issued a decision finding discrimination based upon race and reprisal. She recommended that the Plaintiff be retroactively promoted to GS–12 as of the time of his downgrade and awarded back pay and interest accordingly, along with reasonable attorney's fees.

·On January 21, 1994, the Department of the Army Equal Employment Opportunity Compliance and Complaints Review Agency ("EEOCCRA") issued the final agency decision adopting the EEOC AJ's recommended findings and remedial action. EEOCCRA also ordered that all disciplinary actions, including the demotion, be removed from Plaintiff's personnel file. Plaintiff has received all remedies ordered by the AJ and EEOCCRA.

On February 11, 1994, Thomas Lavigne, Esq., submitted an application for attorney's fees to the local EEO office. On February 28, 1994, Elbridge Smith, Esq., submitted an application for attorney's fees to the local EEO office. Plaintiff submitted an application for attorney's fees on behalf of Robert Smith, Esq., to the local EEO office, in addition to an application for personal costs.

On April 21, 1994, the Army issued a final agency decision on the application of Elbridge Smith, and on May 9, 1994, the Army issued a final agency decision on the applications of Lavigne and Robert Smith. Plaintiff received a final agency decision on May 25, 1994.

On June 8, 1994, Plaintiff appealed the failure of the army to send a final agency decision to him directly and the decision to deny fees for the services of Robert Smith. Plaintiff filed his Complaint in the instant action on August 2, 1994. He has not initiated any further administrative EEO informal or formal complaints since his Fourth Complaint filed in December of 1991.

## STANDARD OF REVIEW

■■■ A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A complaint should not be dismissed unless it appears to a certainty that plaintiff "would be entitled to no relief under any set of facts that could be proved." *Fidelity Fin. Corp. v. Federal Home Loan Bank*, 792 F.2d 1432, 1435 (9th Cir.1986), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987); *Stender v. Lucky Stores, Inc.*, 766 F.Supp. 830, 831 (N.D.Cal.1991). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Stender*, 766 F.Supp. at 831.

Pursuant to a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court may receive among the forms of competent evidence affidavits to resolve any factual dispute. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir.1983). The consideration of such evidence does not convert a motion to dismiss into one for summary judgment. *Id.*

## DISCUSSION

Plaintiff's Complaint alleges a continuing pattern of discrimination and that the Defendant is not complying with the agency decision. The Complaint demands a jury trial, as well as injunctive relief and compensatory and punitive damages. Defendant moves to dismiss, arguing that Plaintiff has failed to exhaust his administrative remedies and that his damages claims are not cognizable under applicable federal law.

### I. Failure to Exhaust Administrative Remedies

#### A. 180–Day Bar

Federal employees claiming discrimination in federal court must first exhaust their available administrative remedies. *Brown v. General Services Administration*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). This requirement is jurisdictional; a federal court may not review discrimination complaints without exhaustion of remedies. *Boyd v. U.S. Postal Service*, 752 F.2d 410 (9th Cir.1985). The requirement is also reasonable; exhaustion of remedies allows the employer an opportunity to investigate allegations, create an administrative record, and informally resolve disputes. *See McRae v. Librarian of Congress*, 843 F.2d 1494, 1496 (D.C.Cir.1988); *Ong v. Cleland*, 642 F.2d 316, 318–20 (9th Cir.1981).

Plaintiffs must wait 180 days from the filing of an appeal of a final agency decision before filing a civil action. 42 U.S.C. § 2000e–16(c); *Rivera v. United States Postal Service*, 830 F.2d 1037, 1039 (9th Cir.1987), *cert. denied*, 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988). Withdrawing an appeal does not cure the problem created by a premature filing of a civil suit in federal court; it still constitutes a failure to exhaust remedies. *Id.; Tolbert v. United States*, 916 F.2d 245, 247–48 (5th Cir.1990). To hold otherwise would eviscerate the requirement by allowing impatient Plaintiffs to simply withdraw their appeals.

However, the Ninth Circuit has held that this 180–day requirement runs only once, from the first appeal of a final agency decision. *Charles v. Garrett*, 12 F.3d 870, 874 (9th Cir.1993) (rejecting government's argument that plaintiffs must wait 180 days from filing of each appeal). In *Charles*, the Ninth Circuit stated that allowing a new 180–day period to run upon each successive appeal would allow a federal employer to delay access to federal court indefinitely through repeated appeals of decisions. *Id.*

An agency decision is final "only when the agency makes a determination on all of the issues in the complaint, including whether or not to award attorney's fees or costs. If a determination to award attorney's fees is made the decision will not be final until the procedure is followed for determining the amount of the award." 29 C.F.R. § 1613.281. Therefore, the final agency action in this matter did not occur until May 9, 1994. Plaintiff timely appealed this decision to the EEOC on June 8, 1994.

Plaintiff stated two grounds for his appeal: (1) the agency procedure of not sending him the final decisions on fees and costs; and (2) the denial of $2,147 in fees and costs for Robert Smith. Plaintiff did not appeal the merits of the decision and did not seek further damages.

Here, the reasoning of *Charles* must be squared with 29 C.F.R. 1614.408, which provides:

A complainant who filed an individual complaint ... is authorized under title VII [and] the ADEA ... to file a civil action in an appropriate United States District Court:

(a) Within 90 days of receipt of the final decision on an individual or class complaint *if no appeal has been filed*; ...

(d) After 180 days from the date of filing an appeal with the Commission if there

has been no final decision by the Commission.

(Emphasis added). While the statute governing exhaustion does not require the appeal that sets the 180 days running to be from a final agency decision, this regulation, 29 C.F.R. 1614.408, clearly prohibits the filing of a civil action if an appeal has been filed after a final agency decision.

In *Charles*, the Ninth Circuit stated that "[t]he only reasonable interpretation of this provision [42 U.S.C. § 2000e–16(c) ] is to permit a complainant to file in district court once 180 days have elapsed from the date of filing the initial charge, or if either party appeals, 180 days from the date the first administrative appeal is filed." 12 F.3d at 874. In order to reconcile 29 C.F.R. 1614.408 with *Charles*, this court must do violence to one of the two, for *Charles* seems to read out the requirement of subpart (a), "if no appeal has been filed." *Charles*, which addresses discrimination in the Navy, does not mention this regulation, which became effective in 1992, prior to the decision in *Charles* but after the events at issue there.

While this court shares the Ninth Circuit's concerns about repetitive appeals and the possible tactical use of such appeals for delay, that is clearly not what is happening in this case, where the Plaintiff and not the government has been appealing. Further, the reasoning in *Charles* does not fit with the language of 29 C.F.R. 1614.408, which was not interpreted in that case. Accordingly, the court applies 29 C.F.R. 1614.408 and finds that the complaint in this action was filed prematurely, within the 180–day period set running by the appeal of the agency's final decision. Further, to allow the filing of a federal action in this case would deprive the EEOC of the opportunity to dispose of the issues raised by Plaintiff on appeal in a timely fashion.

■ Now that 180 days has run from the filing of Plaintiff's appeal, the Plaintiff may refile his Complaint in accordance with any further action that may have been taken by the EEOC. Plaintiff may not rest on the present Complaint as filed, however, because it was filed prematurely without exhausting administrative remedies. *Cf. Rivera*, 830 F.2d at 1038 (plaintiff erred when he relied on earlier filing although he had not at the time of that filing exhausted his remedies).

**B. Exception for Continuing Violation**

■ While Plaintiff here has not exhausted his remedies, there is an exception to the exhaustion requirement for continuing violations. *Sosa v. Hiraoka*, 920 F.2d 1451, 1456–57 & n. 2 (9th Cir.1990) ("the EEOC must be afforded an opportunity to consider disputes before federal suits are initiated" if " 'claims are *not* so closely related that agency action would be redundant.' " (quoting *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1480 (9th Cir.1989) (further citation omitted))).

■ Here, Plaintiff's Complaint is devoted to allegations of continuing discrimination and violation of the agency decision. However, the Complaint alleges no specific facts upon which this court could determine whether the complaint has stated a claim for continuing violations. It does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8. Nor does it contain sufficient information for this court to determine its jurisdiction over this matter on the basis of an exception to the exhaustion requirement.

■ For these reasons, the court would dismiss the Complaint without prejudice to refile now that the time period for the exhaustion of administrative remedies has run. However, as the February 6, 1995 deadline for moving to amend the complaint has only recently passed, and Plaintiff, a pro se litigant, should be given the opportunity to amend his Complaint to cure the defects created by the sparse factual allegations. Plaintiff may now amend his complaint to set forth the specific facts giving rise to his claim for continuing violations.[1] Alternatively, the

---

1. The court notes that the Defendant has attached as Exhibit 3 to its Reply Memorandum the "Declaration of Quincy Jeffers." As the declaration is not notarized, it is not sufficient to serve as an affidavit supporting dismissal of

Plaintiff may prefer to reallege these facts in a new complaint free from the exhaustion defect present in the instant filing.

## II. Damages and Jury Trial

■ Regarding Plaintiff's claims for compensatory and punitive damages and for a jury trial, the court finds that Plaintiff is not entitled to these remedies based on conduct that occurred prior to the November 21, 1991 enactment of the 1991 Civil Rights Act. First, punitive damages against the federal government are not allowed under either the old or new version of Title VII, and Plaintiff's claim for punitive damages is hereby dismissed with prejudice. *See* Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071 (1991); *Shah v. Mt. Zion Hosp. and Medical Center*, 642 F.2d 268 (9th Cir.1981) (prior to 1991).

■ Prior to the 1991 Act, plaintiffs were not permitted jury trials or compensatory damages in civil suits against the federal government. In *Landgraf v. USI Film Products, et al.*, — U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), the Supreme Court held that the 1991 Act's provisions for compensatory damages and jury trials shall not be applied retroactively. Therefore, as to claims founded on events occurring before November 1991, the Plaintiff's claims for compensatory damages and jury trial are dismissed with prejudice. The Plaintiff's claim for punitive damages is also dismissed with prejudice.

### CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES in part the Defendant's Motion to Dismiss. The court DISMISSES with prejudice all claims for punitive damages, as well as claims for compensatory damages and the demand for jury trial concerning conduct prior to November of 1991. The court GRANTS leave to amend the Complaint with a more definite statement of continuing violations in order to comply with the exception to the exhaustion requirement. In the alternative, Plaintiff may voluntarily dismiss these remaining parts of the

Plaintiff's claims of noncompliance with the

complaint and refile a Complaint that does not suffer from the exhaustion infirmity afflicting his current filing.

IT IS SO ORDERED.