105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandra JOHNSON, Plaintiff-Appellant,
v.
Robert RUBIN,* in his official capacity as
Secretary of the United States Treasury
Department, Defendant-Appellee
 No. 95-55456.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.**
Decided Jan. 13, 1997.
 
 Before: GOODWIN, WIGGINS, AND NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Sandra Johnson, an employee of the Internal Revenue Service ("IRS"), filed a Title VII claim against her employer alleging race discrimination. The district court granted summary judgment in favor of appellee Robert Rubin, Secretary of the Treasury ("defendant"). We affirm.
 
 
 3
 We review an order granting summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). Whether exhaustion of administrative remedies is required as a matter of law is also reviewed de novo. Diaz v. United Agr. Employee Welfare Benefit Plan & Trust, 50 F.3d 1478, 1483 (9th Cir.1995). We review the district court's decision not to permit additional discovery pursuant to Rule 56(f) for abuse of discretion. Qualls v. Blue Cross of Calif., Inc., 22 F.3d 839, 844 (9th Cir.1994). In order to find an abuse of discretion we must conclude that the moving party diligently pursued her previous discovery opportunities and showed how allowing additional discovery would have precluded summary judgment. Id.
 
 A. Exhaustion of Administrative Remedies
 
 4
 Johnson contends that the district court erred when it held that all but one of her claims was barred by her failure to exhaust her administrative remedies. Johnson filed her lawsuit within 90 days of the agency's final action on the GS-12 nonselection claim contained within her February 7, 1992 administrative complaint. Accordingly, her suit was timely as to that claim, see 42 U.S.C. § 2000e-16(c), and the district court considered that claim on the merits.
 
 
 5
 Johnson's amended complaint, however, contains broader allegations than her February 7, 1992 administrative complaint. She alleges "a pattern and practice of discriminatory acts and disparate treatment" from 1989 to 1995 resulting in "denied promotions and the opportunity to apply for promotions." Appellant's Excerpt of Record ("ER") at 3-4 (Complaint pp 10, 17). We conclude the district court correctly held that these additional claims were barred by Johnson's failure to exhaust her administrative remedies.
 
 1. Johnson's Continuing Violation Theory
 
 6
 The continuing violation doctrine allows a Title VII claimant to bring a claim based upon a systematic policy of discrimination even if some or all of the events evidencing its inception occurred before the limitations period. Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir.1990); Williams v. Owens-Illinois, Inc., 665 F.2d 918, 924 (9th Cir.1982). "A minority employee who is not promoted in 1973, for example, and is subject to a continuing policy against promotion of minorities, may then file a timely charge in 1976, because the policy against promoting him or her continued to violate the employee's rights up to the time the charge was filed." Williams, 665 F.2d at 924 (emphasis added).
 
 
 7
 The continuing violation doctrine is limited. At least one discriminatory act must occur within the limitations period. United Airlines, Inc. v. Evans, 431 U.S. 553, 557-58 (1977). Furthermore, a plaintiff may not circumvent Title VII's time limits by characterizing a completed act of discrimination as a "continuing violation." Delaware State College v. Ricks, 449 U.S. 250, 257 (1980). Also, the continuing violation doctrine does not exempt the Title VII claimant from exhausting her administrative remedies. The claimant must file "a timely charge." Williams, supra, 665 F.2d at 924. Here, the only timely charge is the February 7, 1992 administrative complaint.
 
 
 8
 The 1992 administrative complaint must be compared to the allegations of the federal complaint. "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472, 1475-76 (9th Cir.1989) (internal quotations omitted). In making this determination, the court inquires whether the original EEOC investigation would have encompassed the additional charges. Id. at 1476. The EEOC charge must be construed liberally. Id.
 
 
 9
 Our decision in Sosa v. Hiraoka is instructive. The plaintiff was a community college teacher who had been repeatedly denied a promotion to department chair. His complaint included allegations of discriminatory conduct outside the limitations period governing his Title VII claim, including allegations of denials of requests for leave and a disparately burdensome evaluation process. Analyzing these complaints as part of a "continuing violation" of the teacher's Title VII rights, we determined that they were "like or reasonably related to" the teacher's EEOC charge. 920 F.2d at 1456-57. Importantly, the teacher's EEOC charge included the following language: "In addition to the above, I believe that Respondent and its Administrators, have engaged in a pattern and practice of retaliating against me...." Id. at 1457.
 
 
 10
 Even liberally construed, Johnson's 1992 administrative complaint contains no similar reference to "a pattern and practice" of discriminatory behavior or anything else that would have resulted in investigation of her continuing violation claim. Johnson's claim of a "pattern and practice of discriminatory ... treatment" resulting in "denied promotions and the opportunity to apply for promotions" arose first in her complaint to district court. Accordingly, she has failed to exhaust her administrative remedies as to all claims except for the Riverside GS-12 revenue officer claim.
 
 2. Johnson's 1993 Complaint
 
 11
 Johnson filed an administrative complaint in May 1993 alleging race and gender discrimination in her nonselection for another GS-12 revenue officer position. The agency has apparently not taken final action on Johnson's 1993 complaint. Rather, the agency is "holding [this] complaint in abeyance" until a final decision is made on a class action complaint Johnson filed in June 1993. Because Johnson's class complaint raised the same or similar issues as her prior individual complaint, the agency concluded that federal regulations and agency management directives required it to "subsume" the individual complaint into the class complaint.
 
 
 12
 "The filing of a class action tolls the statute of limitations 'as to all asserted members of the class.' " Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350 (1983) (quoting American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554 (1974)). By analogy, the filing of the class action tolls the running of the 180-day period under Section 2000e-16(c) for the agency. Any other result would be nonsensical because Johnson would then have two complaints charging the same acts of discrimination.
 
 
 13
 Thus, we conclude that Johnson has not administratively exhausted the claims within her 1983 individual complaint. The agency properly placed those claims on hold pending resolution of her class complaint. Therefore, they cannot serve as the basis for Johnson's complaint.
 
 
 14
 B. Summary Judgment on the 1992 GS-12 Non-Selection Claim
 
 
 15
 The allocation of burdens and order of presentation of proof for a Title VII claim follows three steps. First, a plaintiff must establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to establish a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must show that the employer's alleged reason for the adverse employment decision is not a pretext for a discriminatory motive. Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994).
 
 
 16
 The defendant concedes that Johnson has made a prima facie case of race discrimination under the factors identified in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Defendant asserts it articulated legitimate nondiscriminatory reasons for Johnson's nonselection for the GS-12 revenue officer position. Further, defendant contends Johnson failed to come forward with any evidence to show that these reasons were a pretext for unlawful discrimination.
 
 
 17
 The undisputed evidence presented to the district court showed that Johnson was not selected for the GS-12 revenue officer position because other candidates were evaluated more favorably than Johnson. The undisputed evidence shows the IRS relied on objective procedures for ranking, interviewing and selecting qualified applicants. The undisputed evidence shows that no candidate was selected for the position who was at any point in the process rated lower than Johnson. Further, the administrative record fails to disclose any evidence suggesting discrimination in the selection process. As a result, we conclude that the district court correctly concluded that Johnson had failed to present any evidence showing that the employer's selection was based upon anything but legitimate, objective factors. After the defendant came forward with legitimate, nondiscriminatory reasons for her non-selection, Johnson had the burden of showing that these reasons were a pretext for unlawful discrimination. Johnson presents absolutely no evidence to meet this burden.
 
 
 18
 Johnson argues that the use of an "employment test" during the interview process created a triable issue of material fact. The undisputed evidence shows the interview panel asked each candidate a list of questions selected by the supervising official, Sherryl Greer. Greer had received the questions from an official from another branch. Each panel member rated the candidates based upon their responses to this set of questions. Nothing in the record indicates that these questions were impermissibly discriminatory.
 
 
 19
 Additionally, Johnson argues that she should have been selected for the Palm Springs position even though she did not indicate that Palm Springs was a desired post of duty on her application. Defendant produced evidence showing that an applicant was only considered for the post of duty indicated on his or her application because agency policy did not permit an applicant to be considered for a position for which they did not apply. Although defendant produced no written evidence setting forth this policy, Johnson presented no evidence to controvert this testimony. Additionally, Johnson produced no evidence to show that other employees were treated differently or that this policy was somehow discriminatory.
 
 
 20
 Last, Johnson argues that the defendant's practice of moving for summary judgment on the basis of the administrative record is somehow improper. "This practice ... denies the Appellant the opportunity [to] use the full complement of means available to her in a District Court lawsuit ... should she be dissatisfied with the results of the administrative process." Appellant's Opening Brief at 12. This argument ignores well-settled authority permitting the introduction of prior administrative findings as evidence at the district court level. Charles v. Garrett, 12 F.3d 870, 873 (9th Cir.1993). When opposing a motion for summary judgment, it is the opposing party's responsibility to come forward with evidence adequate to create a triable issue of material fact. Here, as discussed above, Johnson was unable to come forward with any evidence to rebut the uncontroverted facts presented by the defendant.
 
 
 21
 Johnson failed to present a triable issue of material fact as to whether the agency's nondiscriminatory reasons for her nonselection were in fact a pretext for unlawful discrimination. She failed to present the necessary " 'specific, substantial evidence of pretext.' " Wallis, 26 F.3d at 890 (quoting Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983)). Therefore, the district court correctly granted summary judgment in defendant's favor.
 
 
 22
 C. Johnson's Request for a Continuance and Rule 56(f)
 
 
 23
 In order to obtain a continuance under Rule 56(f), Johnson had to demonstrate to the court that evidence sufficient to create a genuine issue of material fact exists and is not the object of pure speculation. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir.1991). "Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." Id.
 
 
 24
 The declaration of Johnson's counsel does not identify any particular evidence that further discovery would obtain which would create a genuine issue of material fact. Further, Johnson's counsel did not attach a copy of outstanding discovery requests to his declaration (even though they are included in his excerpts of record) in order to let the district court assess whether those requests justified a continuance. In short, Johnson's counsel did nothing to demonstrate to the district court that the request was anything but an attempt to forestall summary judgment. Accordingly, the district court did not abuse its discretion in denying Johnson a continuance of the summary judgment motion.
 
 
 25
 AFFIRMED.
 
 
 
 *
 Robert Rubin, is substituted for his predecessor, Lloyd Bentsen, as Secretary of the United States Treasury Department
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3