Manuel LOPEZ, Plaintiff—Appellant,

v.

**PRODUCE EXCHANGE, an Arizona Corporation, Defendant— Appellee.**

No. 04–16076.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2006.

Filed Feb. 28, 2006.

---

2. *Id.*

3. 8 U.S.C. § 1229b(b)(1)(C).

Andrea Elisabeth Watters, Esq., Watters & Watters, P.C., Tucson, AZ, for Plaintiff—Appellant.

Laurent R.G. Badoux, Esq., Littler Mendelson, A Professional Corporation, Phoenix, AZ, for Defendant—Appellee.

Before: REINHARDT, PAEZ, and TALLMAN, Circuit Judges.

## MEMORANDUM [*]

Manuel Lopez appeals the district court's grant of summary judgment in favor of Defendant–Appellee Produce Exchange in his employment discrimination action, which includes both federal and state claims. We hold that Lopez did not fail to exhaust his administrative remedies

prior to filing suit, and therefore reverse and remand for further proceedings.

Lopez argues that the district court erred in failing to apply state law and in finding that he failed to exhaust his administrative remedies. He argues in the alternative that any failure to exhaust his administrative remedies is excused under either equitable estoppel or equitable tolling. Finally, Lopez contends that the Defendant–Appellee waived its exhaustion defense by failing to raise it in a timely manner. As to Lopez's last assertion, because the Defendant–Appellee raised the exhaustion defense in its answer to Lopez's complaint, we find Lopez's claim of waiver without merit. We therefore proceed to a discussion of whether Lopez exhausted his administrative remedies before filing suit.

First, we conclude that the district court did not err in its application of federal law. We have held previously that Title VII and the Arizona Civil Rights Act (ACRA) are "generally identical," and that federal Title VII law has been "persuasive in the interpretation of [the ACRA]." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir.2004) (quoting *Higdon v. Evergreen Int'l Airlines, Inc.*, 138 Ariz. 163, 673 P.2d 907, 909–10 n. 3 (1983) (internal quotation marks omitted)). To litigate a Title VII claim in federal court, a plaintiff must have exhausted his administrative remedies, "including regulatory and judicially imposed exhaustion requirements." *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir.1995) (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)) (footnotes omitted). In *Greenlaw*, this court held that the exhaustion requirement imposes a duty on a complainant to "pursue[ ] her administrative claim with diligence and in good faith"

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and that "abandonment or failure to cooperate in the administrative process prevents exhaustion and precludes judicial review." *Id.* at 997, 1000. Because Title VII and the ACRA have been deemed to share "the same framework of analysis," *Bodett,* 366 F.3d at 740 n. 1 (affirming a district court's grant of summary judgment in which the court had analyzed the plaintiff's Title VII and ACRA claims under the same legal framework), Arizona courts have held that exhaustion is jurisdictional under state law as well as federal law. *See, e.g., Ornelas v. Scoa Industries, Inc.,* 120 Ariz. 547, 587 P.2d 266, 267 (App. 1978) (cited in *Bodett,* 366 F.3d at 740 n. 2). Thus, a plaintiff's failure to cooperate with the administrative agency investigating his charge of discrimination would preclude a finding of exhaustion and therefore his ability to file suit under either federal or state law.

■ Second, we hold that although the district court was correct to apply federal law in its analysis, it erred in concluding that Lopez failed to exhaust his administrative remedies under either state or federal law. This court has held that the requirement to exhaust one's administrative remedies before pursuing a claim in federal court only "requires a complainant to cooperate *during* the 180–day period" in which the Equal Employment Opportunity Commission (EEOC) has exclusive jurisdiction over the claim. *Charles v. Garrett,* 12 F.3d 870, 874 (9th Cir.1993) (emphasis in original). Thus, we held in *Charles* that "if the plaintiffs cooperate[ ] in the administrative process for 180 days after they filed their first appeal with the EEOC, they may file in district court." [1] *Id.* at

875. Under Arizona law, the period of exclusive jurisdiction is only 90 days, as a claimant may bring a civil action against the respondent named in the charge "if within ninety days from the filing of such charge the division has not filed a civil action under this section or has not entered into a conciliation agreement with the charging party." [2] Ariz.Rev.Stat. § 41–1481; *see also Madden–Tyler v. Maricopa County,* 189 Ariz. 462, 943 P.2d 822, 828 (App. 1997) (stating that the Arizona Civil Rights Division (ACRD) has 90 days in which to notify the charging party of its dismissal of the charge, failure to settle the charge, or decision to pursue a civil action against the respondent before the charging party may bring suit).

In the instant case, Lopez filed his initial charge of discrimination on September 17, 2001. The only affirmative request made of Lopez by the ACRD in response to his complaint was on April 2, 2002, when the ACRD notified Lopez that an interview had been scheduled for him on May 7, 2002 as part of its investigative process. Until that point, the ACRD had only informed Lopez that a contact at the ACRD would be available if he had any questions. Because the ACRD did not affirmatively request any action on Lopez's part until after both the 90–day and 180–day periods had expired—which would have been in mid-March 2002—we cannot say that Lopez failed to cooperate during the period in which the ACRD and EEOC respectively possessed exclusive jurisdiction. *See Charles,* 12 F.3d at 874–75. Therefore, we conclude that Lopez did not fail to exhaust his remedies and properly filed suit on July 1, 2002. We reverse and remand for

---

1. In *Charles,* this court found that "[n]othing in the record suggest[ed] that plaintiffs failed to cooperate prior to [the 180–day mark]," *Charles,* 12 F.3d at 875, and that it did not need to determine whether more recent acts (or the lack thereof) by the plaintiffs "constituted a failure to cooperate." *Id.*

2. The language in the Arizona statute regarding the period after which a plaintiff may file suit is similar to that in Title VII. *Compare* Ariz.Rev.Stat. § 41–1481, *with* 42 U.S.C. § 2000e–5(e).

the district court to address Lopez's claims on the merits.[3]

Because we hold that Lopez did not fail to exhaust his administrative remedies with regard to either his state or federal discrimination claims, we need not reach the issue whether he is entitled to an exception under the doctrines of equitable estoppel or equitable tolling.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.

---

3. We also note that in regard to Lopez's state law claim, he was issued a right-to-sue notice by the ACRD on June 13, 2002. This court has held that "[a] right-to-sue letter would be a contradiction in terms if it did not mean that the recipient had exhausted his administrative remedies and had met all the statutory prerequisites to the filing of a lawsuit" and that the issuance of such a letter "signifies that the Department has determined that the claimant has satisfied all of the [agency's] requirements and is entitled to bring a civil action against the offending individual or organization." *Carter v. Smith Food King,* 765 F.2d 916, 923 (9th Cir.1985). Therefore, it appears that Lopez's state law claim was properly filed regardless of our conclusion that he cooperated with the ACRD during its 90–day period of exclusive jurisdiction.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.