FILED

MAR 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAMONA D. LOPEZ,

      Plaintiff - Appellant,

v.

JOHN E POTTER,

      Defendant - Appellee.

No. 08-16465

D.C. No. 2:05-CV-01794-SMM

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted February 9, 2010
San Francisco, California

Before: NOONAN, BERZON and IKUTA, Circuit Judges.

It was not an abuse of discretion for the district court to strike Lopez's non-

compliant summary judgment filings. *See Leong v. Potter*, 347 F.3d 1117, 1125

(9th Cir. 2003). The district court repeatedly notified Lopez that her filings were

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

procedurally deficient, and Lopez failed to take advantage of opportunities to file properly.  The some fifteen-hundred pages of documentary evidence submitted by Lopez and stricken by the district court consisted of a loose collection of papers that were neither numbered nor arranged to correlate to documents identified in Lopez's moving papers.  Under these circumstances, the district court was under no obligation to "search the entire record" for disputed facts.  *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1030–31 (9th Cir. 2001).  "Pro se litigants must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Under the record properly before the district court, we find no error in the district court's grant of summary judgment in favor of the United States Postmaster General (USPS).  Viewing the evidence in the light most favorable to Lopez, the record shows that there were no genuine issues of material fact and that Lopez failed to make out a prima facie case under Title VII, *see St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993), or the Rehabilitation Act, *see Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999).

There is no genuine issue of material fact regarding Lopez's disqualification from the Associate Supervisor Program (ASP).  Lopez's argument on this claim hinges on the improper issuance of the Letter of Warning, a matter that was not exhausted and is thus not available for this court's review.  *See Charles v. Garrett*,

12 F.3d 870, 873 (9th Cir. 1993). Given the issuance of the Letter of Warning to Lopez, she failed to establish that she was qualified for the ASP, and thus failed to make a prima facie case.

As to the claim involving Dave Diletosso, Lopez fails to show that, by placing her on administrative leave, USPS treated her differently than similarly situated employees. *See St. Mary's Honor Ctr.*, 509 U.S. at 506. Even if the court were to consider the affidavit of Diletosso describing the treatment of certain USPS managers in other incidents of alleged sexual harassment, that document is not probative because those managers were not similarly situated to Lopez. "Employees in supervisory positions are generally deemed not to be similarly situated to lower level employees." *Vasquez v. County of L.A.*, 349 F.3d 634, 641 (9th Cir. 2004).

With respect to Lopez's 2004 Rio Salado Claim, Lopez fails to show that USPS took any adverse action based solely on her alleged disability, an element required to make out a prima facie case under the Rehabilitation Act. *See Zukle*, 166 F.3d at 1045.

Lopez's 2003 Rio Salado Claim was unexhausted, and the record does not support Lopez's argument that she is entitled to equitable tolling of the time period for filing her complaint with the EEOC. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Finally, even if the district court abused its discretion in failing to rule on Lopez's motion for appointment of counsel, any such error was harmless. Lopez filed her request after the deadline for dispositive motions had passed, and after the date on which the district court had informed her that the case would be ready for decision. There was no role for an appointed attorney by the time Lopez requested one, so failing to appoint an attorney was necessarily harmless.

USPS's motion to strike Lopez's extra-record exhibit is denied as moot.

**AFFIRMED.**