FISHER, Circuit Judge,
concurring.
Though I unconditionally join my colleagues’ opinion in Parts I, II and IV, I write separately to concur in Part III and to express my reservations about the strict enforcement of administrative exhaustion requirements in this case.
Under the clear precedent of this circuit, by which we are bound, the requirement that a petitioner administratively exhaust all issues by presenting them in a notice of appeal to the BIA is statutory and a prerequisite to our jurisdiction. See 8 U.S.C. § 1252(d)(1); Abdulrahman, 330 F.3d at 594-95. I agree with the majority’s assessment that Romero failed to specifically raise his statute of limitations argument in his notice of appeal, and that under our *72 strict interpretation of the requirements of § 1252(d)(1) that omission precludes our jurisdiction over the issue.
However, administrative exhaustion is a means to a practical end, not a question of mere technical compliance. See Weinberger v. Salfi, 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (“Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.”); cf. McRae v. Librarian of Congress, 843 F.2d 1494, 1496 (D.C.Cir.1988) (“[B]y requiring exhaustion before the agency in the first instance, Congress did not intend to erect a massive procedural roadblock to access to the courts.”). The focus of an inquiry into administrative exhaustion should be whether the agency had actual notice and opportunity to address the petitioner’s grievance before resort to the federal courts. Because the agency clearly had such notice and opportunity here, and conceded as much at oral argument, I believe that strict enforcement of administrative exhaustion requirements in this case poorly serves Congress’ intended ends in enacting such requirements.
As DHS noted to the Court, the IJ considered the application of Bamidele’s statute of limitations holding to Romero’s case. (A.R.165-66.) The IJ observed, “I’ve been forced to form an opinion on reeision versus within the, the change in the law and the Third Circuit case being prior to the change in the law, so I didn’t, I do have an opinion about that. I think they can.... I think they can just go with the removal proceedings.” (A.R.165.) Romero’s counsel responded, “I know.... But I’ll just put it in there so I can preserve it and that’s all.” (A.R.166.) Although this exchange is admittedly oblique, no party disputes that it was a reference to Bami-dele, which applied the five-year statute of limitations found in § 246(a) to removal proceedings based on erroneous adjustments of status.. 99 F.3d at 563. The IJ’s reference to the “change in law” reflects the 1996 amendment to § 246(a), which DHS believed invalidated Bamidele until our subsequent decision in Garcia reaffirmed its application. Garcia, 553 F.3d at 728. Thus, although counsel unnecessarily conceded that Bamidele offered no post-amendment remedy, this concession was based on an interpretation of uncertain law and reflected a desire to “preserve” the issue for later review. At the time the notice of appeal was filed, omitting this issue for review, Garcia had not yet been decided and .the status of Bamidele in light of the statutory amendment remained unclear.
Although the amendment of § 246(a), and its uncertain impact on Bamidele, does not definitively excuse Romero’s failure to raise the statute of limitations defense in his notice of appeal, I believe it places the onus on the agency, as opposed to the court, to argue that it was unduly surprised by Romero’s later resurrection of this issue on appeal. The agency never raised administrative exhaustion in its briefs, and it was this panel that first broached the topic at oral argument. In fact, DHS conceded that it had considered’ and rejected an administrative exhaustion argument because the statute of limitations issue had been raised with the IJ, citing the portion of the administrative record quoted above. Where, as here, the purposes of administrative exhaustion have been served, I do not believe that Congress intended our jurisdiction to turn on mere technicalities. Cf. Bowden v. United States, 106 F.3d 433, 439 (D.C.Cir.1997) *73 (“[Ejxhaustion requirements ... are practical and pragmatic and should not be invoked when they serve no practical purpose.”) (quotation omitted).
I therefore join the majority in the outcome of this case, but also share in the reservations expressed by this Court in Lin, where we stated, “[W]hile there is reason to cast doubt upon the continuing validity of our precedent holding that issue exhaustion is a jurisdictional rule, short of a review en banc, we must dutifully apply that precedent.” 543 F.3d at 120 n. 6; see also See Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 (2d Cir.2007).