**Nancy J. STENDER, Diane Skillsky, Julie Valentine–Dunn, Reba Barber–Money, Irma Hernandez, Anita Martinez, and Jon Gold on Behalf of Themselves and All Others Similarly Situated, Plaintiffs,**

v.

**LUCKY STORES, INC., Defendant.**

**No. C–88–1467 MHP.**

United States District Court, N.D. California.

June 18, 1991.

Brad Seligman, Jocelyn D. Larkin and Donna M. Ryu, Saperstein, Seligman & Mayeda, Oakland, Cal., for plaintiffs.

Kirby Wilcox, Kathleen V. Fisher, James E. Boddy, Jr. and Portia R. Moore, Morrison & Foerster, San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

PATEL, District Judge.

Plaintiffs bring this class action against defendant Lucky Stores, Inc. ("Lucky") alleging employment discrimination on the basis of sex and race. The parties are now before the court on defendant's motion to dismiss the pendent state law class claims under the Fair Employment and Housing Act, arguing that Cal.Gov't Code § 12965(b) precludes such claims where comparable federal law class claims have already been filed in federal court. Having reviewed the submissions and arguments of the parties, the court DENIES defendant's motion to dismiss.

## BACKGROUND

Plaintiff class, consisting of women and Black employees of Lucky Stores' Northern Food Division, brings this action alleging discrimination on the basis of race and sex in the initial placement of employees, allocation of work hours, reclassification of part-time employees to full-time positions, and promotions. Claims are made pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the California Fair Employment and Housing Act, Cal.Gov't Code §§ 12900–12990 ("FEHA").

Defendant Lucky Stores, Inc., moves to dismiss pendent class claims under FEHA, alleging that section 12965(b) of the Act "bars plaintiffs from bringing or maintaining class claims under the FEHA where similar class claims are pending in federal court." Def. Motion to Dismiss at 1. Defendant argues that principles of statutory interpretation and considerations of legislative intent require that section 12965(b) be read not only to preclude plaintiffs from bringing duplicative FEHA class claims in state court where comparable class claims are pending in federal court, but also "precludes them ... from joining those [FEHA class] claims with their federal class claims in federal court." *Id.*

Plaintiffs respond that Lucky Stores' interpretation of section 12965(b) is in fact contrary to principles of statutory interpretation, common sense, and the broad remedial policy and purposes of FEHA; moreover, defendant concedes that it can cite no case law or other authority for its position. Pl.Opp. to MTD at 1–2. Plaintiffs further argue that Lucky has waived this defense, which goes to the form of the action and is therefore not an issue of subject matter jurisdiction, by failing to raise it during the three years of pre-trial litigation. *Id.* at 8–9, 9 n. 6.

## LEGAL STANDARD

A motion to dismiss will be denied unless it appears that the plaintiff can prove no set of facts which would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1435 (9th Cir.1986), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

Federal Rule of Civil Procedure 12(h)(2) provides that "[a] defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered order Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." [1]

## DISCUSSION

Section 12965(b) provides that after filing a complaint under FEHA with the Department of Fair Employment and Housing, the complainant may bring a civil action if the department either fails to issue

---

1. The court finds that under Rule 12(h)(2), defendant's motion is timely despite its failure to raise the issue in its answer or at any previous point in the three years preceding the now-imminent trial. Nevertheless, the lateness of the hour and the counter-intuitive novelty of defendant's position do lend an air of desperation to this motion.

an accusation within 150 days of the filing of the complaint or determines that no accusation will issue. The disputed language reads:

> The superior courts of the State of California shall have jurisdiction of *such actions* ["the first occurrence"]. *Such an action* ["the second occurrence"] may be brought in any county in the state in which the unlawful practice is alleged to have been committed.... *Such actions* ["the third occurrence"] may not be filed as class action or may not be maintained as class actions by the person or persons claiming to be aggrieved where such persons have filed a civil class action in the federal courts alleging a comparable claim of employment discrimination against the same defendant or defendants....

Cal.Gov't Code § 12965(b) (emphasis added).

The question of statutory interpretation before the court concerns the intended reference of the third emphasized phrase: does it refer to FEHA claims brought in state courts, so that the effect of the passage is to preclude duplicative class actions in state and federal courts, or does it refer to any civil action asserting FEHA claims wherever brought, so that its effect is to preclude the joinder of FEHA class claims to comparable Title VII class claims already pending in federal court?

## I. *Statutory Interpretation*

Contrary to defendant's assertion that the "plain meaning" of the disputed passage requires dismissal of the FEHA class claims in this action, the court finds that to what actions the third occurrence of "such actions" refers is by no means plain at first glance. It may refer back to the category *civil suits under FEHA,* wherever filed; in the alternative, given that state court jurisdiction over such claims had just been discussed, the phrase may refer back to *FEHA actions brought in state court.*

Common sense and twenty years of case law under FEHA have interpreted the clause to preclude parallel state and federal court class actions, but not to preclude pendent FEHA class claims in a federal class action. Indeed, as plaintiffs note, Lucky's lead counsel himself has interpreted the statute to hold that "[t]he pendency of a civil class action in a federal court generally precludes the bringing of a class action under the FEHA *in state court* against the same defendant. Gov.Code § 12965(b)." Wilcox, *California Employment Law* at § 43.01[7] (Matthew Bender 1990) (emphasis added). The court finds the interpretation that defense counsel offers when in the role of neutral expositor far more convincing than the interpretation he endorses before this court in the role of zealous advocate.

Only when defendant raised its novel interpretation as a ground for dismissal did it become clear that, read literally, out of context, and without the benefit of judicial and common sense, the disputed occurrence of the phrase "such actions" arguably is ambiguous.

The passage is poorly drafted and illustrates the observation that "indiscriminate use of 'such' leads to ambiguity." Driedger, "Legislative Drafting," in 1A N. Singer, *Sutherland Statutory Construction* at 623 (4th Ed.1985). However, after engaging in a brief but concentrated hermeneutic exercise, the court finds defendant's proposal, that all three occurrences of "such [ ] action[s]" should be interpreted to refer to the same thing, viz., any civil action asserting claims under the FEHA, unpersuasive.

The first occurrence, "such actions," clearly refers to the general category of civil actions under FEHA, and indicates that they may be brought in state superior court. However, the second occurrence appears in a sentence specifying the appropriate "county in the state" in which "[s]uch an action" may be brought. Since the appropriate jurisdictional unit for federal claims is *districts,* not *counties,* this second occurrence is restricted to *state court actions* under FEHA. Thus the third occurrence, prohibiting the filing of a FEHA class action where comparable non-FEHA class claims are pending in federal court,

should also be understood to refer to FEHA claims *in state court.*[2]

The court therefore concludes that, even read out of context and without "extrinsic aids" to meaning, the disputed passage should be interpreted to preclude FEHA class claims in state court when comparable non-FEHA class claims are pending in federal court, but not to preclude the joinder of FEHA class claims in a pending federal court class action.

## II. *Legislative Intent*

The court's interpretation of section 12965(b) is also supported by general canons of judicial efficiency and the legislative intent behind FEHA. Read properly, the section precludes duplicative complex litigation base upon the same set of facts in parallel state and federal proceedings. At the same time, the statute permits a federal court sitting in a Title VII class action to hear pendent FEHA class claims based upon the same set of facts, where plaintiffs seek the compensatory and punitive damages available under the FEHA, but not under Title VII.

Moreover, as plaintiffs note, the remedial purpose of FEHA is broad:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race ... [or] sex ...

Further, the practice of discrimination because of race ... [or] sex ... is declared to be against public policy.

It is the purpose of this part to provide effective remedies which will eliminate such discriminatory practices.

Cal.Gov't Code § 12920.

Defendant's cramped reading of section 12965(b) would frustrate both the interests of judicial efficiency and the broad policy of FEHA by prohibiting the joinder of state law class claims based upon the same set of facts as pending federal law class claims. Such a reading would deny to federal class plaintiffs the expanded remedies available under FEHA, or force them to proceed on their FEHA claims as individuals, thus foregoing the procedural efficiencies resulting from bringing suit as a class.[3]

Moreover, plaintiffs properly point to the anomalous results of precluding pendent FEHA class claims in federal actions. If plaintiffs bring a combined Title VII and FEHA class action in state court, the defendant may remove to federal court based upon federal question jurisdiction. On Lucky's reading of section 12965(b), the defendant may then move for dismissal of the FEHA class claims, precluding plaintiffs from the compensatory and punitive remedies available under FEHA. "Thus, although plaintiffs properly brought both state and federal class claims in state court, defendant can unilaterally deny state law recovery through removal." Pl.Opp. to MTD Class Claims under FEHA at 6.

---

**2.** This interpretation is also supported by the general principle that "[r]eferential and qualifying words and phrases ... refer solely to the last antecedent. The last antecedent is 'the last word, phrase or clause that can be made an antecedent without impairing the meaning of the sentence.' [citation omitted]" 2A N. Singer, *Sutherland Statutory Construction* § 47.33 at 242 (4th Ed.1985). Here, the only way to make sense of the reference to actions being brought in the appropriate county is to assume that these are *state court actions;* hence, the third occurrence of "such actions" refers to state court actions only.

**3.** Defendant argues that there is a "plausible policy rationale" for their unlikely reading. They suggest that

the legislature likely determined that there was no need to provide a class action remedy under the FEHA, *whether in state or federal court,* where employment discrimination claims were asserted under another almost-identical statutory scheme, namely, Title VII. Avoidance of such duplicative class claims is both an appropriate and plausible legislative concern.

Def. MTD Class Claims under FEHA at 8–9. This argument proves too much. If the availability of a substantially similar federal cause of action were sufficient to preclude pendent claims under FEHA, the statute should have precluded pendent individual, as well as class, claims under FEHA.

The court finds that both the interests of judicial efficiency and the broad remedial purpose of FEHA reinforce the implausibility of defendant's proposed reading of section 12965(b).

CONCLUSION

Defendant's motion to dismiss plaintiffs' class claims under the FEHA is based upon a reading of Cal.Gov't Code § 12965(b) that is contrary to the text itself, to common sense, and to the legislative intent behind the Act. The motion is therefore DENIED.

IT IS SO ORDERED.