Michael PETRO, Plaintiff,

v.

JADA YACHT CHARTERS, LTD., et al., Defendants.

JADA YACHT CHARTERS, LTD., Third–Party Plaintiff,

v.

TRANS HAWAIIAN SERVICES, Paul Stancker and Mark Petro, Third–Party Defendants.

No. 92–00213 DAE.

United States District Court, D. of Hawai'i.

Feb. 8, 1994.

Charles W. Crumpton, Stanton Clay Tom Chapman & Crumpton, Honolulu, HI, Thad-

deus J. Bartkowski, Villanova, PA, for Michael Petro.

Robert G. Frame, John O'Kane, Jr., Alcantara & Frame, Honolulu, HI, for Jada Yacht Charters, Limited, M/V JADAI.

Paul T. Yamamura, Jonathan L. Ortiz, Dennis E.W. O'Connor, Jr., Ortiz & Yamamura, Honolulu, HI, for Paul Stancker.

Elton John Bain, Paul W. Soenksen, Paul M. Iguchi, Kessner Duca Umebayashi Bain & Matsunaga, Honolulu, HI, for Mark Petro.

Jeffrey H.K. Sia, Libkuman Ventura Ayabe Chong & Nishimoto, Honolulu, HI, for Trans Hawaiian Services

*ORDER GRANTING DEFENDANT PAUL STANCKER'S MOTION TO DISMISS SECOND AMENDED COMPLAINT, THIRD PARTY COMPLAINT AND CROSS CLAIMS*

DAVID ALAN EZRA, District Judge.

The court heard defendant's motion on February 7, 1994. Charles Crumpton, Esq., appeared on behalf of plaintiff Michael Petro; Dennis E.W. O'Connor, Jr., Esq., appeared on behalf of defendant Paul Stancker; John O'Kane, Jr., Esq., appeared on behalf of defendant/third party plaintiff Jada Yacht Charters; Jeffrey H.K. Sia, Esq., appeared on behalf of third party defendant Trans Hawaiian Services; E.J. Bain, Esq., appeared on behalf of third party defendant Mark Petro. After reviewing the motion and the supporting and opposing memoranda, the court GRANTS defendant Stancker's Motion to Dismiss, as to him, the Second Amended Complaint, Third Party Complaint, and Cross Claims for lack of jurisdiction.

### BACKGROUND

Plaintiff's Second Amended Complaint alleges that, after both the plaintiff and Mr. Stancker were passengers on a cruise run by Jada Yacht Charters, during which they both consumed large quantities of alcohol, Mr. Stancker assaulted the plaintiff. The alleged assault occurred in the parking lot, and plaintiff's head struck the asphalt. Complaint at ¶ 23. Both plaintiff and Mr. Stancker are citizens of Pennsylvania. Complaint at ¶ 2.

Plaintiff pled jurisdiction based on admiralty, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. The Third Party Complaint and the Cross Claims are also grounded in this court's admiralty jurisdiction. No other jurisdictional bases have been pled.

### STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A complaint should not be dismissed unless it appears to a certainty that plaintiff "would be entitled to no relief under any set of facts that could be proved." *Fidelity Fin. Corp. v. Federal Home Loan Bank*, 792 F.2d 1432, 1435 (9th Cir.1986), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987); *Stender v. Lucky Stores, Inc.*, 766 F.Supp. 830, 831 (N.D.Cal.1991). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Stender*, 766 F.Supp. at 831.

Pursuant to a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court may receive among the forms of competent evidence affidavits to resolve any factual dispute. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir.1983). The consideration of such evidence does not convert a motion to dismiss into one for summary judgment. *Id.*

The court notes that, in his Reply Brief, defendant Stancker makes arguments regarding summary judgment standards. However, defendant has moved the court to dismiss the claims, and has not provided this court with any evidence beyond his argument to support his motion. Similarly, the plaintiff has responded to defendant's motion as a motion to dismiss. Hence, there is no reason for the court to treat this as a motion for summary judgment, and the court will assume that all facts pled by the plaintiff are true in order to determine whether he has failed to state a claim.

### DISCUSSION

Here, Defendant Stancker has moved to dismiss all of the allegations against him

based on lack of admiralty jurisdiction. A plaintiff invoking the court's admiralty jurisdiction must satisfy two tests for identifying maritime torts: under the locality test, "the wrong and injury complained of must have been committed wholly upon the high seas or navigable waters, or, at least, the substance and consummation of the same must have taken place upon these waters...." *The Plymouth*, 3 Wall. 20, 35, 18 L.Ed. 125 (1866); *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971). A plaintiff must also establish "a maritime nexus—some relationship between the tort and traditional maritime activities, involving navigation or commerce on navigable waters." *Executive Jet v. City of Cleveland*, 409 U.S. 249, 256, 261, 93 S.Ct. 493, 498, 501, 34 L.Ed.2d 454 (1972); *Guidry v. Durkin*, 834 F.2d 1465 (9th Cir.1987) (admiralty suits must have maritime situs and maritime nexus). Thus, the incident at issue must bear a significant relationship to a "traditional maritime activity." *Executive Jet*, 409 U.S. at 253–54, 93 S.Ct. at 497; *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 673, 102 S.Ct. 2654, 2657, 73 L.Ed.2d 300 (1982).

■ Three factors have been identified in the determination of "traditional maritime activities": (1) traditional concepts of the role of admiralty law; (2) the function and role of the parties; (3) the types of vehicle and instrumentalities involved. *Delta Country Ventures, Inc. v. Magana*, 986 F.2d 1260 (9th Cir.1993); *Complaint of Paradise Holdings, Inc.*, 795 F.2d 756 (9th Cir.), *cert. denied, Stone v. Paradise Holdings, Inc.*, 479 U.S. 1008, 107 S.Ct. 649, 93 L.Ed.2d 705 (1986) (*citing Solano v. Beilby*, 761 F.2d 1369, 1371, (9th Cir.1985)). A fourth factor, causation of the injury, was invalidated in 1990 by the Supreme Court's holding in *Sisson v. Ruby*, 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990), which precludes the courts from "delving into the merits of the causation issue" in order to determine jurisdiction. *Magana*, 986 F.2d at 1262. Additionally, in *Sisson*, the Supreme Court emphasized that "protecting commercial shipping is at the heart of admiralty jurisdiction." *Sisson*, 497 U.S. at 362, 110 S.Ct. at 2895. Hence, courts should also "assess the general features of the type of incident involved to determine whether such an incident is likely to disrupt commercial activity." *Id.* at 363, 110 S.Ct. at 2896.

■ Assuming that the facts as pled in the complaint are true, the plaintiff and Mr. Stancker were guests aboard a pleasure cruise, during which both drank a lot of alcohol. When the boat docked, the two men disembarked, and began to argue on shore. Mr. Stancker, during the course of the argument on shore, assaulted the plaintiff.

It appears to the court that Mr. Stancker, during the incident which caused the plaintiff's injuries (i.e., the drunken brawl), was not engaged in any traditional maritime activities according to the *Sisson* factors. While the two men may have met and consumed liquor aboard a commercial ship, the assault which resulted in plaintiff's injuries took place entirely on shore. Thus, there appears to be no threat to commercial activities by the action complained of here. Under the first prong of the *Sisson* test, the wrong alleged here is a physical assault on shore; admiralty law cannot be said to concern itself with regulating the activities of persons on land. *See Magana*, 986 F.2d at 1263 (traditional concepts of admiralty law do not support the assertion of admiralty jurisdiction over the claim of a houseboat guest who sustained personal injuries as a result of his diving off the boat). Secondly, the function and role of the parties here were as former passengers on a ship; they had no existing connection to the ship itself during the assault, even though the fight occurred while they were waiting for the cruise package transportation to take them home. Neither was an agent or employee of the cruise line at the time of the fight. Thirdly, there was no maritime vehicle involved in the assault; the fight simply took place near the ship.

Plaintiff alleges that the alcohol consumed on board directly led to the assault, and thus that the alcohol is so linked to the assault as to bring the assault within the "maritime" quality of the alcohol consumption.[1] However-

1. Plaintiff cites *Moyer v. Klosters Rederi*, 645 F.Supp. 620 (S.D.Fla.1986), in which the district

er, *Sisson* has instructed that courts should not concern themselves with determining the causation of the injury at the jurisdiction stage.[2]

Plaintiff argues that courts have found admiralty jurisdiction where the injury occurs on land near a waterway, and the origin of the cause was connected with maritime activity. Plaintiff then cites *In re Exxon Valdez,* 767 F.Supp. 1509 (D.Alaska 1991), in which the court maintained admiralty jurisdiction over a case involving oil spills on land, as an example of this general proposition. However, the court finds *Exxon Valdez* inapplicable to this case. In *Valdez,* the acts which caused the injuries occurred on board, and/or at sea. Thus, the land-based nature of the injury could not alter the fact that the injury was caused by actions occurring at sea. Here, the assault and the injury itself occurred solely on land. The fact that defendant was drinking on board, and that such drinking may have contributed to his decision to hit the plaintiff, is irrelevant at this stage, because the court should not assess causation in a jurisdiction motion. *See Sisson,* 497 U.S. at 364, 110 S.Ct. at 2897. The proximity of this assault to the ocean, by itself, is insufficient to invoke this court's admiralty jurisdiction. *See Executive Jet,* 409 U.S. at 268, 93 S.Ct. at 504 (the mere fact that an alleged wrong "occurs" or "is located" on or over navigable waters is insufficient to turn an airplane negligence tort into a maritime tort).

While the court finds that it has no admiralty jurisdiction to hear the case against defendant Stancker, the this finding does not impact the existence of admiralty jurisdiction over the plaintiff's case against the ship or the ship's employees, who may have served the alcohol on board or in some other way injured the plaintiff. The plaintiff's connection to the ship itself, through the ship's employees and their conduct during the cruise, appears to demonstrate far stronger ties to admiralty law than are manifested by defendant Stancker's alleged assault of the plaintiff on shore.

Plaintiff's claims against defendant Stancker can, however, be saved if other jurisdictional bases exist. Because both plaintiff and defendant are residents of Pennsylvania, there can be no diversity jurisdiction. Because the plaintiff has not alleged that the defendant violated any federal statutes during the assault, there is no federal question jurisdiction. In sum, then, this court has no subject matter jurisdiction over the claims raised against defendant Stancker, and these claims must be dismissed.[3]

Because the Third Party Complaint and the Cross Claims against Mr. Stancker are also based in admiralty jurisdiction, which the court has previously found insufficient, they also must be dismissed, as against Paul Stancker, for lack of jurisdiction.

## CONCLUSION

For the reasons stated above, the court DISMISSES the Second Amended Com-

court applied the Death on the High Seas Act where a death had occurred on land after the decedent had suffered a heart attack during a snorkeling expedition at sea. The court found a strong relationship between the snorkeling expedition, on which the defendant suffered his fatal heart attack, and the commercial ship which ran the expedition. Due to this relationship, the court found the snorkeling expedition to be integrally connected to a traditional maritime activity. *Moyer,* 645 F.Supp. at 626–27 (*citing Kuntz v. Windjammer "Barefoot" Cruises, Ltd.,* 573 F.Supp. 1277 (W.D.Pa.1983) (accident which occurred while passenger on ship was scuba diving under supervision of ship's personnel).

2. These cases were decided before the Court's decision in *Sisson,* and did not follow the factors recognized in *Sisson,* in analyzing "maritime" activities. Additionally, the court finds the *Moyer*

and *Kuntz* cases factually distinct from the one at bar. In both of those cases, the shipboard activities found to be tied to the ship for admiralty purposes were themselves maritime activities. While those courts do not list this as a critical factor in the determination, the court finds no reason to extend their holdings to the situation here, in which the activities complained of are clearly non-maritime: alcohol consumption and waiting for transportation. Also, the Ninth Circuit in *Magana* found no admiralty jurisdiction where a houseboat guest was injured diving off the boat (a water-based activity), thereby clearly limiting the persuasiveness of *Kuntz* and *Moyer* in this case. *Magana,* 986 F.2d at 1263.

3. The court notes that these claims have been raised in a separate state court action in Bucks County, Pennsylvania, which is still ongoing.

plaint, the Third Party Complaint, and the Cross Claims as against Paul Stancker. As to the other defendants and third party defendants, the claims remain intact.

IT IS SO ORDERED.