STAR MARKETS, LTD., a Hawaii
corporation, Plaintiff,

v.

TEXACO, INC., a Delaware corporation,
and TEXACO REFINING AND MAR-
KETING INC., a Delaware corporation,
Defendants.

Civil NO. 95–01018 BMK.

United States District Court,
D. Hawai'i.

Oct. 2, 1996.

Susan Oki Mollway, Milton M. Yasunaga, Martin E. Hsia, Cades Schutte Fleming & Wright, Honolulu, HI, for plaintiff.

Paul Maki, Elise Owens Thorn, Maki & Thorn, Honolulu, HI, and Mark D. Litvack, Texaco Inc. Legal Department, Universal City, CA, and William G. Pecau, Pennie & Edmonds, New York City, for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNT FOUR OF PLAINTIFF'S SECOND AMENDED COMPLAINT

KURREN, United States Magistrate Judge.

This case is a trademark infringement action brought by Star Markets, Ltd. ("Plaintiff") against Texaco, Inc. and Texaco Refining and Marketing, Inc. ("Defendants"). On August 16, 1996, Defendants filed a Motion to Dismiss Count Four of Plaintiff's Second Amended Complaint ("Motion"). Plaintiff filed a Memorandum in Opposition, to which Defendants filed a Reply. The Motion came on for hearing before this court on September 24, 1996. After careful consideration of the pleadings and arguments of counsel, the court DENIES Defendants' Motion.

### STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). For the purposes of a 12(b)(6) motion, "[r]eview is limited to the contents of the complaint." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 755 (9th Cir.1994).

A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir.1992) (quoting *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir.1989) (further citations omitted). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.

*Stender v. Lucky Stores, Inc.,* 766 F.Supp. 830, 831 (N.D.Cal.1991).

### BACKGROUND

Plaintiff operates a supermarket business in Hawaii under the name "Star Markets." In this business, Plaintiff uses a red and white star logo. Defendants operate gasoline stations throughout the United States and Hawaii. In connection with its gasoline stations, Defendants use a red and white "Star–T" logo which consists of a star with a cut out letter "T" inside a circle. Defendants also operate convenience stores in connection with some gasoline stations on the mainland and in Hawaii. These stores have been named "Food Mart," but during the last few years, Defendants converted the name to "Star Mart" on the mainland. In 1995, Defendants began to use the name "Star Mart" for its convenience stores in Hawaii.

Plaintiff initiated this trademark infringement action on December 15, 1995, based on Defendants'[1] use of both the name "Star Mart" and the "Star–T" logo. On December 22, 1995, Plaintiff filed a Motion for Preliminary Injunction in which it sought to enjoin Defendant Texaco, Inc. from using the name "Star Mart" and the "Star–T" logo in connection with its convenience stores. On July 11, 1996, Chief Judge Alan C. Kay granted Plaintiff a limited preliminary injunction. On September 3, 1996, Judge Kay modified the July 11, 1996 order to, among other things, reflect that the injunction also applies to the newly added defendant, Texaco Refining and Marketing, Inc.

On July 23, 1996, Defendants moved for an order requiring Plaintiff to post a bond, and this court issued findings and a Recommendation that the motion be granted. On September 6, 1996, the parties consented to have this case heard by a Magistrate judge. Accordingly, the case and the instant Motion were transferred to this court. Additionally, on September 30, 1996, this court modified the July 11, 1996 injunction Order to include a requirement that a bond be posted.

---

1. In its initial complaint, Texaco, Inc. was the sole defendant. Texaco Refining and Marketing, Inc. was added as a defendant on July 11, 1996 in Plaintiff's Second Amended Complaint.

## DISCUSSION

Count four of Plaintiff's Second Amended Complaint claims that "[b]y its use of the name and mark 'Star Mart' and signage including the words 'Star Mart' in red and white with star designs or interior store decoration with star designs in red and white, TEXACO has engaged in unfair methods of competition in the conduct of trade or commerce." Second Amended Complaint at ¶ 72. Plaintiff claims that "TEXACO's actions and conduct were and are in violation of [Hawaii Revised Statutes ("HRS")] § 480–2." *Id.* at ¶ 74.

Section 480–2 provides as follows:

(a) Unfair methods of competition and unfair or deceptive trade acts or practices in the conduct of any trade or commerce are unlawful.

(b) In construing this section, the courts and the office of consumer protection shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

. . . .

(d) No person other than a consumer, the attorney general or the director of the office of consumer protection may bring an action based upon unfair or deceptive acts or practices declared unlawful by this section.

HRS § 480–2(a) (1993).

Defendants contend that Plaintiff has no standing to bring a trademark infringement claim based upon likelihood of confusion allegations under HRS § 480–2. This court disagrees.

## I. HRS § 480–2 Generally

Section 480–2, Hawaii's antitrust and consumer protection law, is based in large part upon the Federal Trade Commission Act ("FTCA") § 5, 15 U.S.C. § 45(a)(1) (1994). *Cieri v. Leticia Query Realty, Inc.,* 80 Hawai'i 54, 60, 905 P.2d 29, 35 (1995); *Paulson, Inc. v. Bromar, Inc.,* 775 F.Supp. 1329, 1337

(D.Haw.1991); *see* HRS § 480–2(b). Both § 5 of the FTCA and HRS § 480–2 provide that unfair methods of competition and unfair or deceptive acts or practices in commerce are unlawful. 15 U.S.C. § 45(a)(1); HRS § 480–2(a); *see Cieri,* 80 Hawai'i at 60, 905 P.2d at 35.

### A. Standing

■ Section 480–2 differs significantly from § 5 of the FTCA in the area of enforcement. Section 5 of the FTCA contains no private remedy, rather enforcement of its provisions is vested in the Federal Trade Commission ("FTC"). *Paulson,* 775 F.Supp. at 1338 (citing *Island Tobacco Co. v. R.J. Reynolds Tobacco Co.,* 63 Haw. 289, 627 P.2d 260 (1981)). Hawaii's version, however, contains a blanket authorization for private actions for damages sustained under any provision of ch. 480. HRS § 480–13(a); *Id.* at 1338. Two distinct causes of action have emerged under § 480–2(a): 1) claims alleging unfair methods of competition; and 2) claims alleging unfair or deceptive acts or practices. HRS § 480–2(a); *Paulson,* 775 F.Supp. at 1337.

■ In 1987, the Hawaii legislature amended both §§ 480–2 and 480–13 to eliminate a prior requirement that a plaintiff show that the suit would be in the public interest. Sen.Conf.Comm.Rep. No. 105, in Senate Journal, at 872. These amendments allow for even broader enforcement of ch. 480. *See Cieri,* 80 Hawai'i at 61–62, 905 P.2d at 36–37. In conjunction with this expansion, however, the legislature also amended § 480–2 by adding subsection (d) which limits enforcement of the unfair or deceptive acts or practices clause to consumers, the attorney general or the director of the office of consumer protection. HRS § 480–2(d). The amendment denies businesses standing to sue under the "deceptive acts or practices" clause of § 480–2(a). However, no such limiting language was included for "unfair methods of competition" claims. This court concurs with the conclusion in *Paulson,* that consistent with the "broad enforcement spirit [2] enunciated by the Hawaii state courts"

---

**2.** *See also Kukui Nuts of Hawaii, Inc. v. R. Baird & Co., Inc.,* 7 Haw.App. 598, 610, 789 P.2d 501,

and absent any additional limiting language, the generic standing provisions of § 480–13(a) control. *Paulson,* 775 F.Supp. at 1329.

### B. *What Constitutes Unfair Methods of Competition*

■ Defendants urge the court to find that conduct which constitutes deceptive acts or practices under HRS § 481A–3 necessarily constitutes only deceptive acts or practices under § 480–2, and not unfair methods of competition under § 480–2. To find otherwise, they contend, would render the limitation of subsection (d) meaningless, violating the intent of the state legislature.

Section 481A–3 provides, in part:

(a) A person engages in a deceptive trade practice when, in the course of the person's business, . . . the person:

. . . .

(2) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;

. . . .

(c) This section does not affect unfair trade practices otherwise actionable to common law or under other statutes of this State.

HRS § 481A–3.

Defendants rely on *Kukui Nuts of Hawaii, Inc. v. R. Baird & Co., Inc.,* 7 Haw.App. 598, 789 P.2d 501 (1990), in which the court stated that "[a] practice expressly designated an 'unfair trade practice' by [HRS § 481A–3] could hardly be deemed otherwise for purposes of [HRS § 480–2]." *Id.* at 611–612, 789 P.2d at 511. While *Kukui Nuts* is helpful in determining a definition of trade practices applicable to § 480–2 claims, nowhere does it state that the same conduct could not also constitute unfair methods of competition. The court never specifically considered this question because the law applicable to that case allowed businesses to bring claims for

both unfair methods of competition and deceptive acts or practices under § 480–2.

Defendants also rely on *Lui Ciro, Inc. v. Ciro, Inc.,* 895 F.Supp. 1365 (D.Haw.1995), in which the district court used a related statute which defined unfair methods of competition in the context of franchise investment law to hold that the plaintiff had a § 480–2 cause of action for unfair methods of competition. *Id.* at 1388. The court dismissed the claim for deceptive trade practices because the plaintiffs were not consumers and thus lacked standing. *Id.* Defendants' reliance on this case is flawed. Nowhere did the district court hold that conduct which constitutes unfair methods of competition in franchise investment law could not also constitute deceptive acts or practices under § 480–2.

Alternatively, Defendants urge the court to find that the legislative history of § 480–2(d) clearly evinces an intent to preclude application of § 480–2 to all private disputes between businesses involving conduct which constitutes deceptive acts or practices, even if a plaintiff bases a claim of unfair methods of competition on that same conduct. In *Cieri,* the Hawaii Supreme Court noted that "the legislature principally sought to preclude HRS § 480–2's applicability to 'private disputes between business [persons].' " *Cieri,* 80 Hawai'i at 62, 905 P.2d at 37. In relying on this summary of legislative intent, Defendants fail to note that the plaintiff did not bring an unfair method of competition claim, thus the Hawaii Supreme Court had no need to discuss the applicability of § 480–2 to unfair competition claims. Furthermore, the legislative history upon which the Hawaii Supreme Court relied, does not indicate a clear intent to preclude businesses from bringing unfair competition claims under § 480–2. Specifically, the committee stated "[p]rovided that *suits based upon unfair or deceptive acts or practices* under section 480–2 may be brought only by consumers, the attorney general, or the office of consumer protection, [subsection (d) effectively precludes section 480–2's] application to private disputes between business [per-

510 (1990) in which the court, citing other Hawaii cases, noted that the state legislature used

sweeping language in § 480–2 to allow for broad enforcement of its provisions.

sons]." Sen.Stand.Comm.Rep. No. 1056, 1987 Senate Journal, at 1345 (emphasis added).

In light of the foregoing, the question remaining is whether conduct which supports a claim for deceptive acts or practices could also support a claim for unfair methods of competition. If it can, then as Defendants conceded in oral argument, the Motion must be denied.

■ In *Kukui Nuts,* the Intermediate Court of Appeals determined that the defendants' alleged conduct constituted deceptive acts or practices under the definition in § 481A and such conduct also supported Kukui Nuts' § 480–2 claims for both unfair methods of competition and deceptive acts or practices.[3] 7 Haw.App. at 611–12, 615, 789 P.2d at 511, 513. Under the law today, Kukui Nuts would lack standing to bring a § 480–2 claim for deceptive acts or practices. However, the standing limitation of § 480–2(d) does not invalidate the court's determination that the same allegations could support claims for both §§ 481A and 480–2 unfair methods of competition.

Furthermore, when construing HRS § 480–2, the court is instructed to consider the decisions of the FTC in its interpretations of § 5 of the FTCA. In *Kukui Nuts,* the court relied upon the FTC's decision in *In re Oxwall Tool Co.,* 59 F.T.C. 1408 (1961), to support its conclusion that the defendants' conduct supported both clauses of § 480–2. 7 Haw.App. at 610–11, 789 P.2d at 510. Likewise, this court finds *Oxwall* to be instructive. In that case, tools manufactured in foreign countries were labelled in such a way that consumers could be confused and believe that they were manufactured domestically. The FTC adopted the decision of the hearing examiner that such conduct constituted both unfair methods of competition and deceptive acts or practices within the intent and meaning of the FTCA. 59 F.T.C. at 1413. From this language, the court finds that the FTC allows the same conduct to support claims for both clauses of § 5 of the FTCA.

■ Thus, this court also finds that Plaintiff's allegations can support a § 480–2 unfair methods of competition claim. Whether Plaintiff's allegations also support a § 481A deceptive acts or practices claim makes no difference. Neither the Hawaii state courts nor the legislature have stated in clear language that a plaintiff is limited to using likelihood of confusion allegations to support only one claim under either § 480–2 or § 481A. Accordingly, this court finds that Plaintiff's likelihood of confusion allegations may support both §§ 480–2 unfair methods of competition and 481A deceptive acts or practices claims.

### C. *Actual Damage Requirement*

■ Finally, Defendants urge the court to consider a recent Ninth Circuit ruling where the court concluded that to prevail on a § 480–2 claim, a plaintiff must have sustained actual damages. *Jenkins v. Commonwealth Land Title Insurance Co.,* 1996 WL 499178 at *6 (9th Cir. Sept. 5, 1996). Defendants contend that Plaintiff has not sustained any injury, thus the claim cannot succeed. The court must disagree. Plaintiff alleges that "TEXACO has caused ... irreparable harm, damage, and injury to SML by such unfair methods of competition...." Second Amended Complaint at ¶ 75. When considering a motion to dismiss, the court must view all allegations as true, therefore dismissal on this point would be improper.

### CONCLUSION

In conclusion, the court finds that intent of the state legislature is not as clear as Defendants purport. Weighing the legislative history, the policy of broad enforcement, and rulings in this district, the court finds that Plaintiff has standing to bring its § 480–2 claim for unfair methods of competition. Furthermore, in light of the FTC's ruling in *Oxwall,* the court finds that likelihood of confusion allegations may support a § 480–2 claim for unfair methods of competition regardless of whether those allegations also

---

**3.** The conduct at issue in *Kukui Nuts* occurred prior to enactment of subsection (d). Applying the law retroactively, however, subsection (d) would bar only the plaintiff's claim for deceptive acts or practices, not for unfair methods of competition. Thus, the court's decision remains valid, to the extent it addresses the claim for unfair methods of competition.

support a deceptive acts or practices claim. Accordingly, Defendants' Motion is DENIED.

IT IS SO ORDERED.