**Raymond E. KENNEY, Plaintiff,**

v.

**State of HAWAII; Dr. Sisar Paderas, M.D.; Dr. Alan Taniguchi, M.D.; Dr. Terrance Allen, M.D.; Dr. Michael Lauer, and John Does 1–10, Defendants.**

**Civil No. 00–00315 HG LEK.**

United States District Court,
D. Hawaii.

July 31, 2000.

Max Nakata Garcia, Jack F. Schweigert, Honolulu, HI, for Raymond E. Kenney.

Marie C.L. Laderta, Office of the Attorney General–State of Hawaii, Honolulu, HI, for State of Hawaii.

Kendall J. Moser, Marie C.L. Laderta, Office of the Attorney General–State of Hawaii, Honolulu, HI, for Dr. Sisar Paderas, M.D., Dr. Alan Taniguchi, M.D., Dr. Terrance Allen, M.D., Dr. Michael Lauer, M.D.

## ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS AND ORDER OF PARTIAL REMAND

GILLMOR, District Judge.

Plaintiff filed suit in state court seeking redress for alleged torts and constitutional violations arising from the denial of medication to control his seizures while he was an inmate. Plaintiff sued the State of Hawaii and his prison doctors in their official and individual capacities.

Defendants seek dismissal of Plaintiff's Complaint by asserting sovereign immunity for all claims against the State of Hawaii and the doctors in their official capacities and by asserting qualified immunity for the claims made against the physicians in their individual capacities.

After careful consideration of the parties' memoranda and the record and the

arguments made at the hearing held before this Court on July 10, 2000, the Court hereby GRANTS, in part, and DENIES, in part, Defendants' Motion to Dismiss and orders the matter REMANDED, in part.

## PROCEDURAL HISTORY

Plaintiff is currently a resident of Arizona. He was an inmate at the Halawa Correctional Facility from December 24, 1996 through August 11, 1997 and from December 24, 1997 until March 5, 1998.[1] While incarcerated at Halawa, Plaintiff alleges that he was treated by each of the doctors identified as defendants (the "defendant-physicians"). Plaintiff alleges that he suffers from a neurological disorder, which causes him to shake violently. The Halawa doctors, Plaintiff claims, refused to provide him with Lorazepam, a controlled substance which controls his illness. The basis of Plaintiff's Complaint is the allegation that his Halawa doctors were deliberately indifferent to Plaintiff's medical needs by refusing to permit Plaintiff to take Lorazepam.

On January 25, 2000, Plaintiff filed his Complaint before the First Circuit Court of the State of Hawaii. His Complaint alleged medical malpractice based on the deliberate indifference to Plaintiff's medical needs and violations of 42 U.S.C. § 1983 against the State of Hawaii and the four doctors in their individual and official capacities for cruel and unusual punishment. Defendants State of Hawaii and Dr. Paderes filed their answer to the Complaint on February 15, 2000.

On May 1, 2000, Defendants removed the action to this Court. On May 9, 2000, Defendants State of Hawaii, Dr. Paderes and Dr. Allen filed this Motion to Dismiss Plaintiff's Complaint ("Defendants' Motion"). On May 12, 2000 and June 9, 2000, Defendants Lauer and Taniguchi, respectively, joined Defendants' Motion to Dismiss.

On June 22, 2000, Plaintiff filed his Opposition to Defendants' Motion. Defendants replied on June 29, 2000. A hearing was held on the matter on July 10, 2000.

## STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6). A complaint should not be dismissed unless it appears to a certainty that plaintiff can prove no set of facts which would entitle the plaintiff to relief. *See Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Fidelity Fin. Corp. v. Federal Home Loan Bank,* 792 F.2d 1432, 1435 (9th Cir.1986), *cert. denied,* 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987); *Stender v. Lucky Stores, Inc.,* 766 F.Supp. 830, 831 (N.D.Cal.1991). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Stender,* 766 F.Supp. at 831.

## ANALYSIS

Defendant generally seeks dismissal of all of Plaintiff's claims against the State of Hawaii and the defendant-physicians in their official capacities under the doctrine of sovereign immunity enunciated in the Eleventh Amendment to the United States Constitution. As to Plaintiff's claims under Section 1983 against the defendant-physicians in their individual capacities, Defendants seek dismissal, asserting qualified immunity. Defendants also ask that the Court decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims and that these claims be dismissed.

The Court finds that the Eleventh Amendment bars all claims against the State of Hawaii and the defendant-physicians in their official capacities. These claims may be properly heard by the state

---

1. Plaintiff served the period of August 12, 1997 through December 23, 1997 in Colora-  do.

court, therefore remand, rather than dismissal, is proper. *See Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 353, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (holding that judicial policy favors remand of claims that may be properly heard before a state court). The Court further holds that the defendant-physicians are not entitled to qualified immunity at this point in the litigation because Plaintiff has adequately alleged a claim of deliberate indifference against them and it is impossible to determine if their conduct was reasonable in a motion to dismiss. Therefore, Plaintiff's Section 1983 claims against the defendant-physicians may continue to be heard in this Court. The Court declines to exercise supplemental jurisdiction over Plaintiff's pendent state law claims. These claims shall be remanded to state court. *See id.*

## I.  *Eleventh Amendment Immunity*

The Eleventh Amendment generally bars actions in federal court against states, regardless of the remedy sought, and actions against state officials in their official capacity where the relief sought is money damages. *See Florida Department of Health v. Florida Nursing Home Ass'n,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981) (per curiam), *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The Eleventh Amendment also generally bars actions against state officials in their official capacities, regardless of the relief sought, if the claim is based on state law. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

### A.  **The State of Hawaii Has Not Waived Eleventh Amendment Immunity by Removing the Action to this Court**

A state may waive Eleventh Amendment immunity. *See Charley's Taxi Radio Dispatch v. SIDA of Hawaii,* 810 F.2d 869 (9th Cir.1987). Such a waiver will be found only if the state offers an "unequivocal indication" that it consents to suit in federal court. *See id.* at 873 (citing *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985)). In *Charley's Taxi,* the Ninth Circuit explained that an "unequivocal indication" may be found where (1) the state has expressly consented to federal jurisdiction in the context of the litigation; (2) a state statute or constitutional provision expressly provides for suit in federal court; or (3) Congress clearly intends to condition the state's participation in a program or activity on the state's waiver of immunity. *See id.; Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

Plaintiff contends that the State of Hawaii has consented to suit in this Court because the State chose this forum. Defendants removed the action to this Court, and, according to Plaintiff, cannot now avoid this Court's jurisdiction.

The Ninth Circuit has not addressed whether removal of an action will constitute a waiver of Eleventh Amendment immunity. For removal of an action to constitute a waiver, such removal must be the equivalent of "express consent," as discussed in *Charley's Taxi,* 810 F.2d 869.

The Ninth Circuit has addressed conduct that does constitute an express waiver in the case of *Hill v. Blind Industries and Services of Maryland,* 179 F.3d 754 (9th Cir.1999). The Court stated that, although a waiver must be unambiguous, "we have never held that an express written waiver is invariably required. On the contrary, we have recognized that a state may waive its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity." *Id.* at 758. The Court went on to hold that the state had waived immunity by failing to assert immunity earlier in the proceedings and by proceeding to trial. *See id.* at 759; *see also Fordyce v. City of Seattle,* 55 F.3d 436 (9th Cir.1995) (waiver found where state voluntarily appeared and defended on the merits).

The *Hill* court relied upon opinions from three other circuits holding that removal of a state claim to federal court contributed to a finding of waiver of immunity:

> Although we have not had occasion to address the issue, other circuits have held that when a state voluntarily invokes the jurisdiction of the federal court by commencing an action or removing a case to federal court, the state cannot later complain that it does not want to be in federal court after all.

*See id.* at 758–59.

Other circuits are split as to what overt acts will constitute a waiver. *See Sutton v. Utah State School for the Deaf and Blind,* 173 F.3d 1226 (10th Cir.1999) (immunity waived where state made a general appearance, joined in removal petition, resisted plaintiff's remand and moved to dismiss for failure to state a claim), *Dekalb County Division of Family and Children Services v. Platter* (In re Platter), 140 F.3d 676, 680 (7th Cir.1998) (filing action in Bankruptcy court waives immunity), *Newfield House, Inc. v. Massachusetts Dep't. of Public Welfare,* 651 F.2d 32, 36 n. 3 (1st Cir.1981) (removal, pressing a counterclaim and arguing against plaintiff that Eleventh Amendment does not bar action waives immunity), *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 852 (6th Cir.1988) (removal by state does not waive immunity).

Courts that have found the participation in a federal court proceeding to constitute a waiver of immunity have required more than mere removal of the action; usually the state must actively pursue the case on its merits. *See, e.g., Sutton,* 173 F.3d 1226, *In re Platter,* 140 F.3d at 680, *Newfield House, Inc.,* 651 F.2d at 36 n. 3. Courts have looked to the extent to which the state availed itself of arguments on the merits in the federal court and seek to prevent the unfairness of permitting the state two bites at the apple. *See Hill,* 179 F.3d at 758 ("To permit a defendant to litigate the case on the merits, and then belatedly claim Eleventh Amendment im-

munity to avoid an adverse result, would 'work a virtual fraud on the federal court and opposing litigants'.") (citing *Newfield House, Inc.,* 651 F.2d at 36 n. 3). Only one court has addressed the question of waiver where the sole action taken by the state in federal court was removal. That court found that no waiver had occurred. *See Estate of Ritter,* 851 F.2d at 852.

■ This Court finds that the act of removal, without more, does not constitute an unequivocal indication of the intent to waive Eleventh Amendment immunity. In the instant case, Plaintiff has not been subjected to a disadvantage by the State's assertion of immunity eight days after asserting jurisdiction in this Court. Plaintiff is not prejudiced by a finding that the Eleventh Amendment applies because the amendment only bars suit in federal court. Therefore, the Court concludes that the State of Hawaii has not waived sovereign immunity.

■ Application of the Eleventh Amendment requires a finding that the State of Hawaii is immune from all claims asserted against it in this Court. *See Florida Department of Health,* 450 U.S. 147, 101 S.Ct. 1032, *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam).

## B. The Defendant–Physicians are Immune From Damages Claims and Claims Based on State Law Asserted Against Them in Their Official Capacities

■ When a suit is brought against state officials, a question arises as to whether that suit is a suit against the state itself, and thus barred by the Eleventh Amendment. The answer to this question depends on the type of claim asserted and the nature of the relief sought.

A suit challenging the constitutionality of a state official's action has been interpreted by the Supreme Court to not be a suit against the state, therefore, the Eleventh Amendment will not automatically ap-

ply to bar the claim. *See Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). In *Young,* a federal court enjoined the Attorney General of the state of Minnesota from bringing suit to enforce a state statute that allegedly violated the Fourteenth Amendment. The Supreme Court held that the Eleventh Amendment did not prohibit issuance of this injunction because the state could not authorize its officer to commit an act contrary to the supreme authority of the land; therefore any unconstitutional acts committed by that officer was not an act of the state. *See id.,* at 160, 28 S.Ct. 441. The officer was effectively "stripped of his official or representative character and [was] subjected in his person to the consequences of his individual conduct." *Id.*

The *Young* exception to Eleventh Amendment immunity has its limitations. In *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the court emphasized that the Eleventh Amendment may permit a court to award an injunction that governs a state official's future conduct, but that court could not award retroactive monetary relief. Under the theory of *Young,* such a suit would be against the state since the monetary relief would ultimately come from the state treasury. *Edelman,* 415 U.S. at 666–667, 94 S.Ct. 1347.

Plaintiff only seeks a remedy of money damages. Therefore, since any award for money damages against the defendant-physicians in their official capacities would come from the state treasury, the Eleventh Amendment bars such claims. *See Edelman,* 415 U.S. at 666–67, 94 S.Ct. 1347.

■ Aside from being prohibited from recovering against the defendant-physicians for money damages under the rule of *Edelman,* Plaintiff is further hampered by the rule of *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Regardless of the type of relief sought, the Eleventh Amendment immunizes the defen-

dant-physicians in their official capacities from Plaintiff's suit based on state law.

In *Pennhurst,* the Supreme Court expressly addressed the question of whether a state is immune from suit under the Eleventh Amendment when the suit is based on state law. Regardless of whether the suit seeks prospective relief or retroactive money damages, a suit based on state law against a state or state official in her official capacity is barred by the Eleventh Amendment:

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.

*Id.* at 106, 104 S.Ct. 900. As the court explained, the need to reconcile the competing interest of the supremacy of federal law and the sovereignty of the states, which *Young* and *Edelman* attempted to address, does not exist when suit against a state is based on state law. *Id.* Plaintiff's claims against the defendant-physicians in their official capacities based on state law are barred by the Eleventh Amendment.

This Court has found that the State of Hawaii has not waived its Eleventh Amendment Immunity. Therefore, all of Plaintiff's claims against the State of Hawaii and the defendant-physicians in their official capacities are barred by the Eleventh Amendment and are remanded to state court.

## II. *Section 1983 Only Applies to Individual Defendants in Their Individual Capacities*

■ Plaintiff asserts Section 1983 claims against the State of Hawaii and the defendant-physicians in their official as well as individual capacities. Section 1983 only permits claims against "persons." The definition of "person" does not include

the State of Hawaii or the defendant-physicians in their official capacities.

Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

In *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court addressed the scope of the term "person" under Section 1983. The court found that, for purposes of permitting suits for damages, "neither a State nor its officials acting in their official capacities are 'persons' under Section 1983." *Will,* 491 U.S. at 71, 109 S.Ct. 2304. *See also Stivers v. Pierce,* 71 F.3d 732, 749 (9th Cir.1995) (holding a state immune from Section 1983 suits); *Doe v. Lawrence Livermore Nat'l Laboratory,* 131 F.3d 836, 839 (9th Cir.1997) (holding that an individual in his official capacity is not a "person" for purposes of a Section 1983 suit).

▪ Although Plaintiff's claims against the State of Hawaii and the defendant-physicians in their official capacities are barred by the Eleventh Amendment, Section 1983 is also precluded because it only extends liability to "persons." States and state officials in their official capacities are not "persons" under that section.

### III.  *The Defendant–Physicians Are Not Qualifiedly Immune From Suit*

▪ Under the doctrine of qualified immunity, government officials performing discretionary functions are immune from damage liability if "their conduct does not violate clearly established statutory or con-

stitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). *See also Johnson v. Fankell,* 520 U.S. 911, 914–915, 117 S.Ct. 1800, 138 L.Ed.2d 108 (1997). Phrased another way, only the "plainly incompetent or those who knowingly violate the law" will not be afforded immunity. *See Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

▪ The Supreme Court adopted this objective test as a means to resolve frivolous complaints at an early stage in the litigation. *See id.; Harlow,* 457 U.S. at 818, 102 S.Ct. 2727. If the plaintiff fails to allege a violation of clearly established law, or, when there is not a material issue of fact regarding whether the defendants committed a violation, defendants are immune from suit as well as liability. *See Johnson,* 520 U.S. at 915, 117 S.Ct. 1800.

▪ To determine whether a defendant is entitled to the defense of qualified immunity, a court must (1) identify the right allegedly violated; (2) determine whether the right was clearly established at the time of the violation; and (3) decide whether a reasonable official would have believed the at-issue conduct did not violate the identified right. *See Jensen v. City of Oxnard,* 145 F.3d 1078, 1085 (9th Cir.1998); *Knox v. Southwest Airlines,* 124 F.3d 1103, 1107 (9th Cir.1997).

▪ A particular right is "clearly established" if "[t]he contours of [that] right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). To demonstrate a clearly established right, a Plaintiff must show that the only reasonable conclusion, based on prior law, was that the right existed. *See Blueford v. Prunty,* 108 F.3d 251, 255 (9th Cir.1997). The determination of whether a right was "clearly established" at a particular time is a pure question of law. *See Elder v. Hol-*

*loway,* 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994); *Jensen,* 145 F.3d at 1087.

■■■ Plaintiff's Complaint alleges that the denial of Lorazepam caused him to suffer severe body tremors and shakes, which were humiliating and shameful and caused Plaintiff emotional distress. As a result, Plaintiff alleges defendants were deliberately indifferent to his medical needs and that Section 1983 provides him with a cause of action for such indifference.

Applying the three-part test of *Jensen,* 145 F.3d at 1085, Plaintiff easily satisfies the first two elements to defeat a defense of qualified immunity. The right at issue is the right of prisoners to have medical officials who are not deliberately indifferent to serious medical needs. *See Kelley v. Borg,* 60 F.3d 664, 667 (9th Cir.1995) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)) ("Under the Eighth Amendment, prisoners have a right to officials who are not 'deliberately indifferent to serious medical needs.'"), *Harlow,* 457 U.S. at 818, 102 S.Ct. 2727. That right is clearly established. *See Kelley,* 60 F.3d at 667. Therefore, the defendant-physicians are only entitled to immunity if the Court finds that a reasonable official would not have believed the at-issue conduct violated that right.[2] *See Jensen,* 145 F.3d at 1085.

■■■ Prison officials may manifest a deliberate indifference to serious medical needs when they "deny, delay or intentionally interfere with medical treatment." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds, *WMX Technologies, Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997). Not all denials of treatment, however, will rise to the level of a constitutional violation. To state a constitutional claim for deliberate indifference to serious medical needs, the prisoner must first demonstrate the existence of a serious medical condition of which the prison officials should have been aware. *See Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *McGuckin,* 974 F.2d at 1059. Indications that a prisoner is in serious need of medical treatment include having an injury or medical condition that: (1) a reasonable doctor or patient would find important and worthy of comment or treatment; (2) significantly affects daily activities; or (3) involves chronic or substantial pain. *McGuckin,* 974 F.2d at 1059–60.

Plaintiff's Complaint alleges facts to support a finding that his medical condition was serious. The Complaint alleges that, when un-medicated, his illness causes him to shake violently. Therefore, under *McGuckin,* Plaintiff's allegations would support a claim that his daily activities would be affected and that his medical needs were serious.

On a motion to dismiss, the Court is restricted to the allegation and facts stated in the Complaint. *See Neitzke,* 490 U.S. at 326–27, 109 S.Ct. 1827; *Fidelity Fin. Corp.,* 792 F.2d at 1435. Therefore, the Court is limited to Plaintiff's allegations that he was denied treatment for an illness that is alleged by the facts claimed to be serious. Such allegations support a claim of deliberate indifference under *McGuckin.* At trial, the facts may demonstrate that the defendant-physicians' conduct was perfectly reasonable and not deliberately indifferent, they may also demonstrate that the defendant-physicians acted wholly irresponsibly. Granting qualified immuni-

---

**2.** The Court notes that Defendants' Motion only argued that qualified immunity is proper because Plaintiff had not satisfied the second prong of *Jensen,* that there was no "clearly established law providing that Plaintiff was entitled to the medication of his choice." (Defendants' Motion at 4). As *Kelley,* 60 F.3d at 667, explained, this definition of the right at issue is too narrow. The right to be ad-

dressed is whether Plaintiff is entitled to not be subject to deliberate indifference. Defendants did not argue that the third prong of the *Jensen* analysis had not been met. Plaintiff understandably did not address this issue. The Court addresses that issue here in brief only to give full analysis to the issue of qualified immunity.

ty at this stage would, therefore, be premature.

## IV. *The Court Will Not Exercise Supplemental Jurisdiction Over Plaintiff's Pendent State Law Claims*

Plaintiff has alleged various state law tort claims against the defendant-physicians. The Court only has jurisdiction over these claims pursuant to supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Section 1367 provides in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Although a district court may hear pendent claims brought under section 1367(a), it has the discretion to refuse jurisdiction under section 1367(c). That section provides in relevant part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The exercise of supplemental jurisdiction would not be appropriate over Plaintiff's remaining state law claims because the efficiency concerns of Section 1367(a) are no longer present. The Court has remanded all claims against the State of Hawaii and the defendant-physicians in their official capacities. Only claims against the defendant-physicians in their individual capacities under Section 1983 remain. The claims to be addressed by the state court will require analysis of the same facts and legal issues present in the state law claims against the defendant-physicians in their individual capacities. Section 1367(a) was enacted with the underlying objective to serve the interests of "economy, convenience, fairness, and comity." *See Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1309 (9th Cir.1992) (citing *Carnegie–Mellon*, 484 U.S. at 353, 108 S.Ct. 614); *Executive Software of North America, Inc. v. United States District Court*, 24 F.3d 1545, 1557 (9th Cir. 1994). Exercising jurisdiction over Plaintiff's state law claims would provide no efficiency gains. Further, the interests of comity imbedded in Section 1367(a) require the Court to remand Plaintiff's state law claims to be heard along with those others claims herein remanded.

## *CONCLUSION*

In accordance with the foregoing, it is HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED, in part, and DENIED, in part and the matter is REMANDED, in part. All claims asserted by Plaintiff against the State of Hawaii and the defendant-physicians in their official capacities are barred by the Eleventh Amendment. These claims are remanded to the state court. Plaintiff's claims based on Section 1983 against the State of Hawaii and the defendant-physicians in their official capacities are dismissed because Section 1983 only extends liability to "persons." The defendant-physicians in their individual capacities are not entitled to qualified immunity at this stage of the litigation, and, therefore, Plaintiff's claims based on Section 1983 against them remain to be tried in this Court. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and remands these claims to the state court.

IT IS SO ORDERED.